■ JOHN L. STIPO, Respondent, v TOWN OF NORTH CASTLE, Defendant, and RICHARD HERBST et al., Appellants. [613 NYS2d 407] —In an action to recover damages for violation of civil rights, the defendants Richard Herbst and Anthony Patti appeal from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 2, 1992, as denied their motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court acted properly in denying the appellants' motion to dismiss the action against them on the ground of qualified immunity. While the applicability of this doctrine to a given case should be resolved at the earliest appropriate stage of the litigation (see, Hunter v Bryant, 502 US 224, 112 S Ct 534), "[a] factual inquiry may be necessary to determine if [qualified] immunity is available" (Krause v Bennett, 887 F2d 362, 368). Although the appellants contend that their warrantless re-entry into the plaintiff's premises was based on their objectively reasonable belief that they had

consent to do so or that the re-entry was justified by adequate exigent circumstances, the affidavits and documents in the record demonstrate that there are sharp factual disputes regarding these issues *(see, e.g., Hurlman v Rice,* 927 F2d 74). Moreover, the parties have submitted conflicting evidence regarding the scope of the search itself, an issue which bears directly on the question of the appellants' potential liability. Accordingly, the question of whether the appellants are entitled to qualified immunity cannot be resolved on the present record and must await discovery or, if necessary, a plenary trial. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.