· ■ JOSEPH E. SIMPKIN et al., Respondents, v CITY OF TROY, Defendant, and PAUL M. BOUCHARD et al., Individually and as Employees of the Troy Police Department, Appellants. [638 NYS2d 231] —Crew III, J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered November 2, 1994 in Rensselaer County, which partially denied a motion by certain defendants for summary judgment dismissing the amended complaint against them.

On July 14, 1991, in response to a "burglary in progress" radio transmission, defendants Paul M. Bouchard and John A. Wright (hereinafter collectively referred to as defendants), both police officers for defendant City of Troy, went to the Fairlawn Apartments where they found and arrested plaintiffs

for burglary. On August 12, 1991, the charges were withdrawn and plaintiffs thereafter commenced this action against defendants and the City on the ground that, *inter alia*, their arrest was without probable cause. After issue was joined, defendants and the City moved for summary judgment dismissing the complaint on the grounds that probable cause existed as a matter of law or, in the alternative, that they were entitled to qualified immunity. Supreme Court granted the City's motion in its entirety but denied that portion of defendants' motion seeking summary judgment on plaintiffs' first cause of action, which alleged Federal civil rights violations. This appeal by defendants followed.

We affirm. There is no doubt, as asserted by defendants, that they are entitled to qualified immunity if (1) it was objectively reasonable for them to believe that they had probable cause to arrest, or (2) officers of reasonable competence could disagree as to whether probable cause existed (*see, O'Neill v Town of Babylon*, 986 F2d 646, 649). Resolution of this issue, in turn, involves a factual determination as to whether it was objectively reasonable for defendants to believe that plaintiffs unlawfully entered the apartment in question, and the record here presents sharp factual conflicts in this regard.

Defendants assert that upon arriving at the apartment in question, they found the door forced open and the jamb obviously damaged. Defendants further claim that when plaintiff Lawrence Sherman stated that he was a tenant of the apartment, defendants contacted the named lessee, Suzanne Schultz, who advised that plaintiffs had no authority to be in the apartment. Plaintiffs, on the other hand, contend that when the police arrived, they were cooking food and watching television. Sherman advised defendants that he was a tenant of the apartment, showed them a utility bill listing him as a resident of the apartment and explained that because the door had been damaged previously, it had to be forced open in order to gain entry. Schultz, in an affidavit in opposition to defendants' motion, stated that the door to the apartment had been damaged previously and denied ever telling defendants that plaintiffs had no right to be in the apartment. Clearly, without a factual resolution of the sharply conflicting versions of these events, it is not possible to determine whether defendants are qualifiedly immune. Accordingly, Supreme Court properly denied defendants' motion for summary judgment dismissing this particular cause of action.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.