■ FERDINAND R. BAEZ, Appellant, v CITY OF AMSTERDAM et al., Respondents. [666 NYS2d 312] —Cardona, P. J. Appeal from an order of the Supreme Court (Best, J.), entered April 3, 1996 in Montgomery County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendant Jose Mendez, a police officer employed by defendant City of Amsterdam in Montgomery County, was on afternoon patrol on October 29, 1992 when he received a police

radio transmission stating that a dangerous suspect with an outstanding felony arrest warrant was in a blue van at the intersection of Jay Street and Hibbard Street in the City and the suspect had indicated that he "was not going to be taken alive". The dispatcher further provided Mendez with the suspect's name and description as a white male.[1] Upon responding and observing plaintiff in a blue van at the designated intersection, Mendez approached the van and instructed plaintiff three times to exit the vehicle before he finally complied. Contrary to plaintiff's recollection, Mendez stated in his deposition that he never drew his revolver nor pointed it at plaintiff.

Once plaintiff exited the van, Mendez recognized him as someone he had met in an unrelated context and realized that he was not the suspect. However, since Mendez did not know whether the actual suspect was hiding in plaintiff's van, he requested permission to search the vehicle and plaintiff consented. One of the three additional police officers who eventually responded to the dispatch then opened the van door and observed that it was unoccupied. The entire episode lasted approximately 1½ minutes. The officers left the area in response to another police radio transmission stating that the actual suspect had been spotted at another location.

Subsequently, plaintiff commenced this action alleging causes of action in assault, intentional infliction of emotional distress and illegal search and seizure in violation of the US and NY Constitutions. Following completion of discovery, defendants successfully moved for summary judgment dismissing the complaint. Plaintiff appeals.

We affirm. Initially, we note that summary judgment in defendant's favor was appropriate as to plaintiff's cause of action for intentional infliction of emotional distress in light of, *inter alia*, plaintiff's failure to establish actual emotional distress in opposition to defendants' motion (*see, Natoli v City of Kingston*, 195 AD2d 861, 862; *MacLeay v Arden Hill Hosp.*, 164 AD2d 228, 231, *lv denied* 77 NY2d 806). With respect to plaintiff's remaining claims of assault and unreasonable search and seizure, we agree with Supreme Court that plaintiff's proof failed to overcome defendants' initial showing that Mendez's acts were shielded by a qualified immunity.

In order to establish this defense, defendants were obligated to submit proof establishing that it was objectively reasonable

---

1. Although plaintiff was Hispanic, the record indicates that the Amsterdam Police Department classified Hispanics as white.

for Mendez to believe that his conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether his conduct was proper (*see, Simpkin v City of Troy*, 224 AD2d 897; *see also, O'Neill v Town of Babylon*, 986 F2d 646, 649). Although plaintiff maintains that Supreme Court's grant of summary judgment was premature absent a sharp factual dispute, the applicability of the qualified immunity doctrine, which shields from liability those official acts performed in good faith or with a reasonable basis, should be determined in the early stages of litigation (*see, Stipo v Town of N. Castle*, 205 AD2d 608).

Here, defendants' proof established that a reasonable suspicion for the stop by Mendez was provided by the police dispatch and that plaintiff's consent validated the search of his van (*see, People v Landy*, 59 NY2d 369, 376).[2] Significantly, the only substantive factual dispute on this record is whether Mendez actually drew his gun after approaching plaintiff. However, given the undisputed information provided to Mendez prior to his stop of plaintiff on October 29, 1992, even assuming that plaintiff's version of events was true, we would conclude that it was objectively reasonable for Mendez to believe that it was necessary to take the precaution of displaying his weapon (*see, People v Brooks*, 88 AD2d 451; *see also, People v Bennett*, 70 NY2d 891; *People v Benjamin*, 51 NY2d 267; *People v Brooks*, 110 AD2d 571, *affd* 65 NY2d 1021; *see generally*, 6 NY Jur 2d, Assault—Civil Aspects, § 7, at 202; § 20, at 214). Since nothing in plaintiff's proof in opposition raised triable issues of fact with respect to the reasonableness of Mendez's actions that would support the claims of assault and unreasonable search and seizure, defendants were entitled to judgment as a matter of law.

The remaining arguments raised by the parties have been examined and found to be either without merit or rendered academic by the foregoing analysis.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

2. Notably, at no time has plaintiff contended that Mendez's alleged display of his weapon rendered his consent to the search involuntary (*see, People v Culkin*, 233 AD2d 672).