■ BALTAZAR MERCADO et al., Respondents, v CITY OF NEW YORK, Appellant. [703 NYS2d 283] —In an action, *inter alia,* to recover damages for false arrest, the defendant appeals from a judgment of the Supreme Court, Kings County (Arniotes, J.), dated June 3, 1998, which, upon the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action to recover damages for false arrest, and upon a jury verdict in favor of the plaintiff and against it on the issues of liability and damages, is in favor of the plaintiff Baltazar Mercado and against it in the principal sum of $120,000.

Ordered that the judgment is affirmed, with costs.

Ordinarily, "information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (*Minott v City of New York,* 203 AD2d 265, 267). Here, however, the identification of the accused was at issue. Considering the circumstances known to the police officers at the time that they arrested the plaintiff Baltazar Mercado, it cannot be said as a matter of law that the officers acted reasonably (*see, Smith v County of Nassau,* 34 NY2d 18; *Stile v City of New York,* 172 AD2d 743; *Canteen v City of White Plains,* 165 AD2d 856). Consequently, the Supreme Court properly denied the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law on the cause of action to recover damages for false arrest. Further, the verdict was not against the weight of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498).

Finally, the award of damages did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]). Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.