■ PASHALIS TZAMBAZIS, Respondent, v CITY OF NEW YORK et al., Defendants, and SYNTAGMA SQUARE, INC., Appellant. [736 NYS2d 911] —In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendant Syntagma Square, Inc., appeals from so much of an order of the Supreme Court, Queens County (Flug, J.), dated January 10, 2001, as denied its motion for summary judgment dismissing the third cause of action in the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the third cause of action in the complaint is dismissed insofar as asserted against the appellant.

The third cause of action in the complaint asserted claims against the appellant for false arrest and malicious prosecution. However, the plaintiff failed to rebut the appellant's prima facie showing that its employee did not instigate the plaintiff's arrest, but merely supplied information to the police officers who determined that his arrest was appropriate. Accordingly, the appellant was entitled to summary judgment dismissing that portion of the third cause of action which was to recover damages for false arrest (*see, Vernes v Phillips*, 266 NY 298; *Martone v Blue Ridge Farms*, 272 AD2d 305, 305-306; *O'Connell v Luebs*, 264 AD2d 385; *Byrd v Middleton-Bond*, 253 AD2d 510, 511).

The appellant was also entitled to summary judgment dismissing that portion of the third cause of action which was to recover damages for malicious prosecution. The underlying criminal prosecution was terminated when the plaintiff received an adjournment in contemplation of dismissal and the action was subsequently dismissed. The plaintiff failed to establish that the criminal proceeding terminated favorably to him (*see, Cantalino v Danner*, 96 NY2d 391; *Smith-Hunter v Harvey*, 95 NY2d 191; *Hollender v Trump Vil. Coop.*, 58 NY2d 420). Therefore, the Supreme Court erred in denying the appellant's motion for summary judgment dismissing that portion of the third cause of action which was to recover damages for malicious prosecution. Ritter, Acting P.J., Feuerstein, Goldstein, Friedmann and Crane, JJ., concur.