JOSEPHINE HAYES, Respondent, v CITY OF AMSTERDAM, Appellant. [770 NYS2d 138]—

Cardona, P.J. Appeal from that part of an order of the County Court of Montgomery County (Catena, J.), entered December 19, 2002, which modified an order of the City Court of the City of Amsterdam by reinstating plaintiff's negligence cause of action.

This action arises out of an incident occurring on February 22, 1995, when plaintiff accompanied her boyfriend, Gregory Armstrong, to St. Mary's Hospital in the City of Amsterdam, Montgomery County, so that he could enter a detoxification program. It is undisputed that Armstrong was highly intoxicated and, at one point, a hospital security guard was called into the emergency room waiting area. Armstrong's allegedly unruly behavior also came to the attention of three City of Amsterdam police officers who were at the hospital on an unrelated matter. While there is no question that Armstrong and the three officers eventually were involved in a scuffle, the events surrounding that scuffle are in dispute. According to plaintiff, the officers taunted Armstrong, instigated a physical confrontation with him and, in their zeal to reach Armstrong, knocked into plaintiff causing her to fall and, inter alia, fracture her right foot. In contrast to that version, defendant maintains that the officers merely attempted to subdue Armstrong after he made threatening motions towards them and plaintiff was somehow hurt while intervening. Armstrong was not hurt, but sedated by hospital personnel as soon as he was restrained.

In her complaint, plaintiff alleged causes of action in battery and negligence. City Court granted defendant's motion for summary judgment and issued an order dismissing both causes of action. County Court, in its appellate capacity, upheld the dismissal of the battery cause of action, but reinstated the

negligence cause of action, resulting in this appeal by defendant.[1]

As a threshold matter, we disagree with plaintiff's jurisdictional challenge to this Court's authority to hear this appeal, citing CPLR 5703 (b). That statutory provision provides that an appellate division is vested with jurisdiction to hear an appeal "as of right from an order of a county court . . . which determines an appeal from a judgment of a lower court" (CPLR 5703 [b]). While it is true that the appeal from City Court to County Court was an appeal of an order, not a judgment, it was "clearly final" inasmuch as it granted summary judgment dismissing the complaint. Accordingly, that order was indistinguishable from a judgment and defendant's appeal to this Court lies as of right (*see Matter of Latham Four Partnership v SSI Med. Servs.*, 182 AD2d 880, 882 [1992]; 10 Carmody-Wait 2d, NY Prac § 70:61).

Turning to the merits, defendant asserts that County Court improperly reinstated plaintiff's negligence cause of action alleging, in substance, that defendant be held vicariously liable under a respondeat superior theory for the negligent actions of its police officers while in the course of their employment (*see Davis v City of New York*, 226 AD2d 271, 272 [1996], *lv denied* 88 NY2d 815 [1996]). Defendant maintains that it was entitled to summary judgment due to the fact that, inter alia, it is shielded from liability because the acts of its officers were privileged under the qualified immunity doctrine.[2] "In order to establish this defense, defendant[ ] [was] obligated to submit proof establishing that it was objectively reasonable for [the officers] to believe that [their] conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether [the] conduct was proper" (*Baez v City of Amsterdam*, 245 AD2d 705, 706-707 [1997], *lv denied* 91 NY2d 810 [1998]).

Here, defendant met its initial burden on a summary judgment motion (*see* CPLR 3212 [b]) by submitting admissible

---

1. Although plaintiff did not file a notice of appeal, she, nevertheless, argues that County Court erred in failing to reinstate the battery cause of action. Although her failure to cross appeal precludes our consideration of that issue (*see Buchta v Union-Endicott Cent. School Dist.*, 296 AD2d 688, 689 [2002]), were it properly before us, we would affirm the dismissal given the absence of proof that the officers' alleged contact with plaintiff was intentional (*see Rubino v Ramos*, 226 AD2d 912, 913 [1996]).

2. We note that while defendant also cites to the municipal or governmental immunity doctrine, plaintiff has not made any direct allegations of negligence against defendant (*see e.g. Lemery v Village of Cambridge*, 290 AD2d 765, 766 [2002]) and appears to be relying solely on a vicarious liability theory.

proof establishing that the officers felt it was necessary to become involved with Armstrong due to his unruly state. This testimony, along with other evidence in the record, offered an "objectively reasonable" basis for the officers' actions (*see Linen v County of Rensselaer*, 274 AD2d 911, 914-915 [2000]). The burden then shifted to the plaintiff to demonstrate that a triable issue of fact existed so as to defeat the motion. Notably, plaintiff offered her own testimony and unsworn documentation from hospital staff,[3] which raised issues as to, inter alia, whether the officers involvement was necessary or reasonable and whether their conduct in using force was appropriate. In light of this factual dispute (*see Simpkin v City of Troy*, 224 AD2d 897, 898 [1996]; *cf. Baez v City of Amsterdam, supra* at 707), we conclude that County Court properly reversed City Court's grant of summary judgment to defendant on plaintiff's negligence cause of action.

The remaining arguments raised by the parties have been examined and found unpersuasive.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

---

3. Unsworn evidence, otherwise excludable at trial, can be considered in opposition to a summary judgment motion as long as it is not the only proof submitted (*see Murray v North Country Ins. Co.*, 277 AD2d 847, 850 [2000]; *Largotta v Recife Realty Co.*, 254 AD2d 225 [1998]).