■ MATTHEW L. DOYLE JR., an Infant, by His Father and Guardian, MATTHEW L. DOYLE SR., Appellant, v RONDOUT VALLEY CENTRAL SCHOOL DISTRICT et al., Defendants, and LEROY SEALS, Respondent. [770 NYS2d 480]—

Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 16, 2002 in Ulster County, which, inter alia, granted defendants' motions for summary judgment dismissing the complaint.

On March 17, 1996, Delilah Bilelo, a bus driver and high school cafeteria worker for defendant Rondout Valley Central School District, discovered that her 12-year-old son, a middle school student, had previously purchased marihuana from two high school students in the nearby high school parking lot. One of the students who had sold her son the marihuana was supposedly named "Matt." Five days later, Bilelo relayed this information to the middle school principal, who then accompanied her to the office of defendant William Cafiero, principal of the adjacent high school, to report the incident. Over the ensuing weekend, Bilelo learned from student sources that plaintiff was one of the two students who had made the sale, he and the other student regularly sold marihuana at the high school, and they were planning to bring marihuana for sale to the school on Monday. Late Sunday night, Bilelo contacted defendant Leroy Seals, a member of the State Police, about the situation. Bilelo was a person known to Seals and, consequently, he considered her to be a "credible complainant."

The following morning, Seals arrived at the high school around 7:00 A.M. and spoke with Cafiero before Cafiero entered the building. Aware that he may not have had the requisite probable cause to search the two students, Seals suggested that Cafiero do so since school officials have "a much broader right" to search students than police. Cafiero agreed. Accordingly, as plaintiff and the other student arrived at school that day, each

was brought separately to the principal's office by a school dean. The search of each of them was essentially the same. The only persons present for each search were Cafiero, a school dean and Seals. After emptying his pockets and bookbag, each student was asked to raise his pant legs to expose his socks and then instructed to drop his pants and turn around in a "360" in his underwear. Neither student was touched at any time. No drugs were found. Cafiero estimated that the entire time each student was in his office was about seven or eight minutes, after which each was permitted to return to class.

Plaintiff, by his father, subsequently sued the school district, Cafiero and Seals, alleging that he was unlawfully detained and searched and that he suffered mental anguish because other students purportedly saw him in his underwear through the windows of the principal's office as they arrived at school. After completion of discovery, defendants successfully moved for summary judgment. Plaintiff's claims against Cafiero and the school district were resolved during the pendency of this appeal, so we are only concerned with the correctness of Supreme Court's determination to dismiss the complaint against Seals.

The precedential foundation for Supreme Court's detailed decision now on review is the holding of the US Supreme Court in *New Jersey v T.L.O.* (469 US 325 [1985]) to the effect that reasonable suspicion—not probable cause—will justify a student search by school officials (*see also Matter of Gregory M.,* 82 NY2d 588, 592 [1993] [adopting same standard for state constitutional purposes]). Less clear is the proper standard to be applied in those cases, such as here, where police and school officials combine to conduct the search. Supreme Court followed the lead of at least one federal court, which held that reasonable suspicion was still the proper standard to be applied under such circumstances, thereby insulating all defendants from liability (*see Cason v Cook,* 810 F2d 188 [1987], *cert denied* 482 US 930 [1987]). Other courts, however, have found that police instigated searches and police controlled searches involving minimal involvement by school officials still require probable cause (*see e.g. State v Tywayne H.,* 123 NM 42, 45, 933 P2d 251, 254 [1997], *cert denied* 123 NM 83, 934 P2d 277 [1997] [and cases cited therein]). As the actions of Seals present the only issue on appeal, we need not decide whether his participation in the search should be examined against a probable cause or reasonable suspicion standard since we find, as a matter of law, that he is entitled to qualified immunity for his conduct.

"A government official performing a discretionary function is entitled to qualified immunity provided his or her conduct does

not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (*Liu v New York City Police Dept.*, 216 AD2d 67, 68 [1995], *lv denied* 87 NY2d 802 [1995], *cert denied* 517 US 1167 [1996] [citation omitted]). To be entitled to qualified immunity, Seals was required to establish that it was objectively reasonable for him to believe that his conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether his conduct was proper (*see Baez v City of Amsterdam*, 245 AD2d 705, 707 [1997], *lv denied* 91 NY2d 810 [1998]; *see also Simpkin v City of Troy*, 224 AD2d 897 [1996]), an issue which should be resolved "in the early stages of litigation" (*Baez v City of Amsterdam, supra* at 707).

The operative facts in this case are not in dispute (*compare Simpkin v City of Troy, supra*). Given the somewhat ambiguous state of the law regarding mixed police/school searches, police officers of reasonable competence could have disagreed as to whether Seals correctly concluded that probable cause was unnecessary if the search was conducted by school officials, albeit in his presence. Accordingly, we agree with Supreme Court's conclusion that the complaint should be dismissed against Seals.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.