■ PHILIP J. SIRLIN, Respondent, v TOWN OF NEW CASTLE et al., Appellants. [826 NYS2d 676]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), dated October 31, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that order is affirmed insofar as appealed from, with costs.

The plaintiff was arrested and charged with harassment in the second degree on the complaint of his neighbor that he had shouted threats and obscenities at the neighbor. After a nonjury trial in the Justice Court, the charges were dismissed on the ground that the single incident alleged did not constitute harassment in the second degree (*see People v Sirlin,* 2003 NY Slip Op 51444[U] [2003]). The plaintiff then commenced this action seeking damages for the alleged false imprisonment, malicious prosecution, and unspecified constitutional violations.

The Supreme Court correctly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. The defendants moved for summary judgment principally on the ground that the arrest of the plaintiff was supported by probable cause. They argued that the existence of probable cause defeated an essential element of the plaintiff's false imprisonment and malicious prosecution claims (*see Martinez v City of Schenectady,* 97 NY2d 78, 85 [2001]; *Gisondi v Town of Harrison,* 72 NY2d 280, 283 [1988]; *Broughton v State of New York,* 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]; *Iorio v City of New York,* 19 AD3d 452, 453 [2005]; *Carlton v Nassau County Police Dept.,* 306 AD2d 365, 366 [2003]), and establishes their entitlement to qualified immunity by demonstrating that "(a) it was objectively reasonable for the officer[s] to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met" (*Golino v City of New Haven,* 950 F2d 864, 870 [1991], *cert denied sub nom. Lillis v Golino,* 505 US 1221 [1992]; *see O'Neill v Town of Babylon,* 986 F2d 646, 649-650 [1993]; *Baez v City of Amsterdam,* 245 AD2d 705, 706-707 [1997]; *Simpkin v City of Troy,* 224 AD2d 897, 898 [1996]).

"Although, as a general rule, information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest" (*Carlton v Nassau County Police Dept.,* 306 AD2d 365, 366 [2003]; *see Mercado v City of New York,* 269

AD2d 576 [2000]; *Minott v City of New York,* 203 AD2d 265, 267 [1994]), the information must nonetheless be sufficient to make the arresting officer aware "of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York,* 60 NY2d 78, 82 [1983]). Here, the moving papers failed to demonstrate that at the time of the arrest the police officers were aware of any acts on the part of the plaintiff that would have constituted the course of conduct necessary to commit the crime of harassment in the second degree (*see* Penal Law § 240.26 [3]; *People v Wood,* 59 NY2d 811 [1983]; *People v Chasserot,* 30 NY2d 898 [1972]; *see also People v Valerio,* 60 NY2d 669 [1983]; *Matter of Sawdey-Dacey v Dacey,* 236 AD2d 896 [1997]). Thus, summary judgment was properly denied as to the plaintiff's false imprisonment and malicious prosecution claims (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The Supreme Court also correctly denied summary judgment with respect to the plaintiff's claim that his constitutional rights were violated. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the warrantless arrest of the plaintiff in the doorway of his home did not implicate his constitutional rights (*see United States v Santana,* 427 US 38, 41 [1976]; *United States v Whitten,* 706 F2d 1000, 1015 [1983], *cert denied* 465 US 1100 [1984]). In opposition, however, the plaintiff raised a triable issue of fact as to whether the police officers had entered his residence in order to effectuate the arrest, thereby violating his constitutional rights in the absence of a warrant or exigent circumstances (*see Loria v Gorman,* 306 F3d 1271, 1282-1286 [2002]). Goldstein, J.P., Spolzino, Skelos and Covello, JJ., concur.