◼ Robert Lee Lowman, Jr., Appellant, v Mary Dankert, Defendant, and Paul North et al., Respondents. (Appeal No. 1.) [835 NYS2d 795]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered June 26, 2006. The order, insofar

as appealed from, granted the motion of defendant William Waszkielewicz for summary judgment dismissing the complaint against him and granted in part the motion of defendants Mary Dankert, Paul North and Norm Peters for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages resulting from alleged trespasses on his property by defendants Mary Dankert, the dog control officer for the Town of Collins, and William Waszkielewicz, a state trooper, and from the arrest and prosecution of plaintiff for violating Agriculture and Markets Law § 119. With respect to the order in appeal No. 1, we conclude that Supreme Court properly granted the motion of Waszkielewicz seeking summary judgment dismissing the complaint (denominated petition) against him. Waszkielewicz was authorized to enter plaintiff's property to execute the arrest warrant (*see generally Hand v Stray Haven Humane Socy. & S.P.C.A., Inc.*, 21 AD3d 626, 628 [2005]), and the arrest of plaintiff "pursuant to a warrant valid on its face and issued by a court having jurisdiction of the [violation] and person is privileged" (*Boose v City of Rochester*, 71 AD2d 59, 66 [1979]; *see Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 286 [2003]). The court also properly granted that part of the motion of Dankert and defendants Paul North and Norm Peters seeking summary judgment dismissing the complaint against North and Peters. The acts of North and Peters were performed in the exercise of their judicial functions as town justices of the Town of Collins, and those defendants are thus immune from liability (*see generally Murray v Brancato*, 290 NY 52, 55 [1943]; *Word v City of Mount Vernon*, 65 AD2d 622 [1978], *lv denied* 47 NY2d 706 [1979]).

In appeal No. 2, plaintiff appeals from an order and judgment granting the motion of Dankert for leave to reargue the motion insofar as it sought summary judgment dismissing the complaint against her and, upon reargument, granting that relief. We affirm that order and judgment. The evidence establishes that Dankert was authorized in her capacity as dog control officer to enter plaintiff's property to serve the appearance ticket (*see Hand*, 21 AD3d at 628; *Kucker v Kaminsky & Rich*, 7 AD3d 491, 492 [2004], *lv denied* 3 NY3d 607 [2004]). The evidence further establishes that "it was objectively reasonable for [Dankert] to believe that [her] conduct was appropriate under the circumstances," and thus her conduct is subject to a qualified privilege (*Baez v City of Amsterdam*, 245 AD2d 705, 706-

707 [1997], *lv denied* 91 NY2d 810 [1998]). Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.