Mercure, J.P
Appeal from an order of the Supreme Court (Connolly, J.), entered April 28, 2009 in Albany County, which granted motions by defendants Marc Barbera, City of Albany, Albany Police Department, Anthony Ryan and Anthony Battuello for summary judgment dismissing the complaint against them.
In July 2006, plaintiff, who was then 68 years old, attended an American Idol concert at the Pepsi Arena, located in the City of Albany. Defendant Marc Barbera, a state trooper who was also attending the concert, had plaintiff escorted from her seat by security and arrested after plaintiff allegedly struck his wife, Alisha Barbera. According to plaintiff, Alisha Barbera and her four-year-old daughter stood up during the concert and thereby obstructed plaintiff’s view. Plaintiff contends that Alisha Barbera and her daughter were the only persons standing, and that she merely tapped Alisha Barbera on the shoulder and asked her to sit down. Plaintiff further averred that when she informed the security guards that she had not assaulted anyone, Marc Barbera began “scream[ing] in [her] face” that she had “assaulted his wife,” and then flipped open his wallet and told plaintiff that he was a state trooper. Officers from defendant Albany Police Department arrived, including defendants Anthony Ryan and Anthony Battuello, and plaintiff was placed under arrest for harassment in the second degree and endangering the welfare of a child. Plaintiff was taken to an Albany Police Department precinct, where her arrest was processed. She was then shackled to a bench until the concert was over, at which point she was taken back to the Pepsi Arena.
Subsequently, the Albany County District Attorney moved to dismiss the charges against plaintiff in the interest of justice due to the failure of Alisha Barbera to cooperate and “based on the facts and circumstances of [the] case.” That motion was granted. Plaintiff then commenced this action alleging negligence, false arrest or imprisonment, assault and battery, mali *762 cious prosecution, and claims under 42 USC §§ 1983 and 1985. Supreme Court granted motions by Marc Barbera, Ryan, Battuello, the City and its police department (hereinafter collectively referred to as defendants) for summary judgment dismissing the complaint against them, prompting this appeal. We now modify and reinstate plaintiffs cause of action for deprivation of civil rights under 42 USC § 1983 against Marc Barbera, Ryan and Battuello, and the causes of action for false arrest or imprisonment, assault and battery and malicious prosecution against defendants.[1]
The elements of a cause of action for false arrest or imprisonment are (1) an intentional confinement (2) of which, plaintiff was conscious and (3) to which plaintiff did not consent, and (4) that was not otherwise privileged (see Martinez v City of Schenectady, 97 NY2d 78, 85 [2001]; Broughton v State of New York, 37 NY2d 451, 456-457 [1975], cert denied sub nom. Schanbarger v Kellogg, 423 US 929 [1975]). An arrest made extrajudicially— that is, without a warrant—is presumptively unlawful, but “[t]he existence of probable cause serves as a legal justification for the arrest and an affirmative defense to the claim” (Martinez v City of Schenectady, 97 NY2d at 85, citing Broughton v State of New York, 37 NY2d at 458; see Downs v Town of Guilderland, 70 AD3d 1228, 1232 [2010]; Wallace v City of Albany, 283 AD2d 872, 873 [2001]; Saunders v County of Washington, 255 AD2d 788, 789 [1998]). “Probable cause exists when an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offense has been or is being committed” (.People v Terry, 2 AD3d 977, 978 [2003] [internal quotation marks and citations omitted], lv denied 2 NY3d 746 [2004]; accord People v Bell, 5 AD3d 858, 859 [2004]; see Colon v City of *763 New York, 60 NY2d 78, 82 [1983]). Whether probable cause existed for an arrest may be decided as a matter of law only where the facts leading to the arrest and the proper inferences to be drawn therefrom are not in dispute (see Diederich v Nyack Hosp., 49 AD3d 491, 493 [2008], lv dismissed and denied 11 NY3d 862 [2008]; Orminski v Village of Lake Placid, 268 AD2d 780, 781 [2000]).
Contrary to the argument of Ryan, Battuello, the City and its police department, probable cause was not established as a matter of law under the Aguilar-Spinelli doctrine. That doctrine provides that “probable cause for a warrantless arrest may be supplied, in whole or part, through hearsay information . . . [that] satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted” (People v Bell, 5 AD3d at 859 [internal quotation marks and citations omitted]; see People v Ketcham, 93 NY2d 416, 420 [1999]; see also. Carlton v Nassau County Police Dept., 306 AD2d at 366; Orminski v Village of Lake Placid, 268 AD2d at 781). Nevertheless, “the failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause” (Colon v City of New York, 60 NY2d at 82; see Carlton v Nassau County Police Dept., 306 AD2d at 366). As these defendants acknowledge, if the information imparted “constitutes [no] more than unsubstantiated rumor, unfounded accusation or conclusory characterization,” it will not meet the Aguilar-Spinelli test even if supplied by a reliable informant (People v Ketcham, 93 NY2d at 420).[2] Moreover, while the “fellow officer rule” permits an arresting officer to act at the direction of another officer “provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest” (People v Ramirez-Portoreal, 88 NY2d 99, 113 [1996] [internal quotation marks and citation omitted]), probable cause is not established by “unsubstantiated hearsay communication—even when transmitted by a fellow officer” (People v. Ketcham, 93 NY2d at 420).
*764 Defendants assert that Marc Barbera, Ryan and Battuello had probable cause to arrest plaintiff on charges of harassment in the second degree and endangering the welfare of a child.[3] In our view, however, the parties’ sharply divergent accounts of the arrest created questions of fact regarding the existence of probable cause. Plaintiff indicated that she merely tapped Alisha Barbera on the shoulder and politely asked her to sit down— conduct that would not fall within the purview of Penal Law § 240.26 (1) (see People v Bartkow, 96 NY2d 770, 772 [2001])— while Alisha Barbera testified that plaintiff screamed at her to sit down and then struck her in the lower rib area of her right side. Marc Barbera indicated that he saw plaintiff hit his wife in the ribs and that plaintiff became aggressive and began flailing her arms when he turned to talk to her.. One of the two independent eyewitnesses to the incident, however, indicated that plaintiff pushed her hand down on Alisha Barbera’s shoulder and that Marc Barbera did not witness the event but was informed of it by his wife. The other eyewitness indicated that plaintiff struck Alisha Barbera with an open hand, but could not state where plaintiff struck her. Both eyewitnesses stated that after either Alisha Barbera or Marc Barbera had a verbal altercation with plaintiff, Marc Barbera left and Alisha Barbera told them that plaintiff was in trouble and would be arrested because Marc Barbera is a state trooper. Plaintiff also testified that she did not react when Marc Barbera turned around to talk to her because she could not hear him.
In addition, we note that Marc Barbera, Ryan and Battuello were not in agreement in their deposition testimony regarding who made the decision to arrest plaintiff. Marc Barbera indicated that he made the decision to arrest plaintiff and informed her that she was under arrest; despite his argument before us that the Albany police did not arrest plaintiff, but merely “processed the arrest” made by Marc Barbera, Ryan testified that he made the ultimate decision to arrest plaintiff; Battuello stated that although Ryan instructed him to arrest plaintiff, the Albany police were merely facilitating the arrest because Marc Barbera had actually arrested plaintiff. Furthermore, assuming without deciding that they made the decision to arrest plaintiff, there is conflicting evidence regarding whether
*765 Ryan and Battuello simply relied upon unsubstantiated statements of Marc Barbera that would not meet the Aguilar-Spinelli test. Ryan testified that he decided to arrest plaintiff not based upon Marc Barbera’s potentially unfounded, conclusory accusations, but after witnessing a slap mark on Alisha Barbera’s face and, upon further inquiry, being told by her and eyewitnesses that plaintiff slapped her in the face. The extent of that inquiry and whether Ryan, in fact, relied upon the information obtained thereby and arrested plaintiff—as opposed to merely acquiescing in Marc Barbera’s request that the Albany police arrest plaintiff—are called into question by the testimony of Alisha Barbera and the eyewitnesses uniformly denying that plaintiff struck Alisha Barbera’s face.[4] Under these circumstances, it cannot be said that, as a matter of law, there was probable cause to arrest plaintiff and, thus, her claims of false arrest or imprisonment should not have been dismissed. Moreover, her claim of deprivation of civil rights under 42 USC § 1983 should not have been dismissed against Marc Barbera, Ryan and Battuello (see Diederich v Nyack Hosp., 49 AD3d at 493; Carlton v Nassau County Police Dept., 306 AD2d at 366; see also Rossi v City of Amsterdam, 274 AD2d 874, 877 [2000], supra; cf. Lynn v State of New York, 33 AD3d 673, 674-675 [2006]).
Similarly, we conclude that plaintiff raised a triable issue of fact on her claim of malicious prosecution. The tort of malicious prosecution has four elements: “that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice” (Cantalino v Danner, 96 NY2d 391, 394 [2001]; see Broughton v State of New York, 37 NY2d at 457). As noted above, plaintiff has raised triable issues of fact regarding probable cause. Regarding the remaining elements in dispute on the malicious prosecution claim, we conclude that the dismissal of the prior criminal proceeding in the interest of justice based *766 upon Alisha Barbara’s failure to cooperate and the circumstances of the case constituted a termination in plaintiffs favor because it was not inconsistent with her innocence (see Cantalino v Danner, 96 NY2d at 396-397; Hankins v Great Atl. & Pac. Tea Co., 208 AD2d 111, 114-116 [1995]; but see MacLeay v Arden Hill Hosp., 164 AD2d 228, 230-231 [1990], lv denied 77 NY2d 806 [1991]). Furthermore, “malice may be inferred if the defendant has acted with a reckless or grossly negligent disregard of the [plaintiffs] rights” (Harris v State of New York, 302 AD2d 716, 717 [2003] [citations omitted]), and we conclude that the evidence set forth above gives rise to questions of fact on the issue of malice, as well as probable cause.
To succeed on their motions for summary judgment on plaintiffs assault and battery claim, defendants were required to demonstrate, respectively, that Marc Barbera, Ryan and Battuello did not intentionally place plaintiff in apprehension of imminent harmful or offensive contact, and did not intentionally engage in offensive bodily contact without plaintiffs consent (see Goff v Clarke, 302 AD2d 725, 726 [2003]; Bastein v Sotto, 299 AD2d 432, 433 [2002]; Zgraggen v Wilsey, 200 AD2d 818, 819 [1994]). In light of plaintiff’s testimony regarding the shackle placed around her ankle until the end of the concert, as well as that with respect to Marc Barbara’s aggressive and intimidating conduct toward her after security guards removed her from her seat, we conclude that triable issues of fact exist on her assault and battery claims, as well.[5] Finally, we reject the argument of Marc Barbera, Ryan and Battuello that they were entitled to summary judgment dismissing the complaint under the doctrine of qualified immunity inasmuch as they failed to establish, as a matter of law, that “it was objectively reasonable for [them] to believe that [their] conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether [their] conduct was proper” (Baez v City of Amsterdam, 245 AD2d 705, 706-707 [1997], lv denied 91 NY2d 810 [1998]; see Hayes v City of Amsterdam, 2 AD3d 1139, 1141 [2003]; Rossi v City of Amsterdam, 274 AD2d at 877).
Spain and Lahtinen, JJ., concur.

. Supreme Court properly dismissed plaintiffs sixth cause of action alleging negligence, her second cause of action alleging municipal liability under 42 USC § 1983 and that portion of her first cause of action alleging conspiracy under 42 USC § 1985. Plaintiffs claim for negligent investigation does not set forth a cause of action separate from those for false arrest and malicious prosecution (see Carlton v Nassau County Police Dept, 306 AD2d 365, 366 [2003]; Lorensen v State of New York, 249 AD2d 762, 763 n 2 [1998], lv denied 92 NY2d 807 [1998]; Heath v State of New York, 229 AD2d 912, 912 [1996]). Inasmuch as her section 1983 claim against the City of Albany and its police department is predicated upon a theory of respondeat superior, rather than a demonstration that any policy or custom of the City or the police department caused the alleged deprivation of her constitutional rights, that claim must fail (see Rossi v City of Amsterdam, 274 AD2d 874, 877-878 [2000]; Ellsworth v City of Gloversville, 269 AD2d 654, 657 [2000]; see also Thomas v Roach, 165 F3d 137, 145-146 [1999]). Finally, plaintiff failed to allege that defendants acted with the necessary racial or class-based discriminatory animus to support a conspiracy claim under 42 USC § 1985 (3) (see Thomas v Roach, 165 F3d at 147).

. As the parties recognize, the Aguilar-Spinelli test is relevant with respect to Ryan and Battuello inasmuch as they “had no direct knowledge of the information” relied upon in arresting plaintiff (People v Hicks, 38 NY2d 90, 93 [1975]). Under the particular circumstances of this case, Marc Barbera cannot be characterized—as the dissent would have it—as merely an “average citizen who providefd] the authorities with information as to observed criminal activity .. . with no expectation of private gain” (id. at 94). Furthermore, there are questions of fact regarding whether Ryan and Battuello actually arrested plaintiff and, if so, whether they relied upon Marc Barbera’s statements rather than the statements of the nonparty independent witnesses in concluding that there was probable cause, as explained below.

. As relevant here, “[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same” (Penal Law § 240.26 [1]). Endangering the welfare of a child is defined as “knowingly act[ing] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old” (Penal Law § 260.10 [1]).

. The dissent errs in stating that the critical facts as they apply to Ryan and Battuello are not in dispute and that, for purposes of their summary judgment motion, we must assume that Ryan and Battuello made the decision to arrest plaintiff. The dissent fails to view the evidence in the light most favorable to plaintiff, the nonmoving party, as is required on this appeal from an order granting defendants’ motions for summary judgment dismissing the complaint (see e.g. Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]; Crosland v New York City Tr. Auth., 68 NY2d 165, 168 n 2 [1986]). In addition, the analysis of the dissent, which is predicated on an assumption that Ryan and Battuello made the decision to arrest plaintiff, ignores the inconsistent testimony of Ryan and Battuello on that point. As explained above, Ryan indicated that he made the decision to arrest plaintiff after witnessing slap marks on Alisha Barbera’s face; Battuello indicated that it was Marc Barbera who actually arrested plaintiff.

. Given the existence of questions of fact regarding probable cause, it is irrelevant that plaintiff confirmed the claims of Ryan and Battuello that excessive force was not used.