11-118-cv
Trueman v. New York State Canal Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of December, two thousand eleven.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

STEVEN C. TRUEMAN, CAPTAIN,

> > *Plaintiff-Appellant,*

> v.                                                                No. 11-118-cv

NEW YORK STATE CANAL CORP.,
CARMELLA MANTELLO, DIRECTOR,

> > *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          MICHAEL H. SUSSMAN, Sussman & Watkins, Goshen, New York.

FOR DEFENDANTS-APPELLEES:          LAURA R. JOHNSON, Office of the Attorney General of the State of New York (Eric T. Schneiderman, Barbara D. Underwood, Richard Dearing, *on the brief*), New York, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Steven Trueman owned several historic vessels, which he moored at facilities owned by Defendant-Appellee New York State Canal Corporation ("NYSCC") pursuant to NYSCC permits. In the fall of 2008, Defendant-Appellee Carmella Mantello, NYSCC's former director, found out that Trueman was planning to live aboard one of his vessels for the winter. She did not approve, believing that Trueman's residing on his vessel would violate state law, NYSCC regulations, and NYSCC policies. After a series of conversations and meetings between Trueman and Mantello, NYSCC issued Trueman a winter storage permit that expressly limited Trueman's occupation and use of canal property to "business hours"—Monday through Friday, 7:00 a.m. to 3:30 p.m.—and clearly stated that "overnight occupation of the vessels is prohibited."

By the end of December 2008, it became clear to NYSCC employees that Trueman was living on his boat in violation of his permit conditions. Over the next few weeks, Trueman received a letter from Mantello, reiterating that he could not stay on the boats after business hours, and a visit from a New York State Police Sergeant who warned Trueman he would be arrested for trespassing if he remained on canal property after hours.

The situation came to a head on January 12, 2009, when Trueman himself called New York State Police, asking to be arrested. As Trueman tells it, he was "[f]rustrated that he was not being allowed to maintain his boats openly" and thought being arrested would allow him to present his grievances to a judge. Sergeant Phillips of the State Police drove out to talk to Trueman, but would not take him into custody, telling him there were "other ways of going

2

about this." Although Trueman confessed to having been on the boat all week, Sergeant Phillips would not arrest him, telling Trueman he had not seen "anything wrong." According to Trueman's own testimony, he told Sergeant Phillips to come back at 4:30 p.m., when he would be violating his permit. Sergeant Phillips returned, Trueman came off the boat, and Sergeant Phillips arrested him.

Trueman filed this action on January 14, 2009, two days after he was arrested. His pro se complaint[1] alleged three causes of action—"denial of rights under maritime law," "willfull [sic] destruction of vessels," and "false arrest and imprisonment." NYSCC and Mantello (collectively, "Defendants") moved for summary judgment. The district court granted their motion, holding: (1) the false arrest claim failed as a matter of law because Trueman consented to his arrest and because Sergeant Phillips had probable cause to make the arrest; and (2) there was no admiralty jurisdiction over the maritime law claims because Trueman was arrested on land and his vessels were "not involved in navigation at any time relevant to this action."

Trueman timely appeals.

I.     Discussion

We review an order granting summary judgment *de novo*, *Costello v. City of Burlington*, 632 F.3d 41, 45 (2d Cir. 2011), applying the same legal standard as the district court, *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Where a district court dismisses an action "for lack of subject matter jurisdiction, we

---

[1] Trueman initially proceeded pro se, although he eventually retained counsel. His retained counsel did not seek to amend the initial complaint.

review factual findings for clear error and legal conclusions de novo." *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008).

A.      False Arrest

Under New York law, which controls Trueman's 42 U.S.C. § 1983 false arrest claim,[2] *see Davis v. Rodriguez*, 364 F.3d 424, 433 (2d Cir. 2004), a plaintiff must prove, inter alia, that he did not consent to the arrest, *Guntlow v. Barbera*, 907 N.Y.S.2d 86, 90 (N.Y. App. Div. 2010).  And although a warrantless arrest is "presumptively unlawful," the existence of probable cause constitutes an affirmative defense to a false arrest claim.  *Guntlow*, 907 N.Y.S.2d at 90. As the district court correctly held, both of these bases make Trueman's false arrest claim a non-starter.  First, by Trueman's own testimony, he consented to the arrest—indeed, he *demanded* it over Sergeant Phillips' repeated efforts to get him to reconsider.  Second, Sergeant Phillips had ample probable cause to make the arrest.  NYSCC had repeatedly asked Trueman to vacate its premises after business hours; Trueman repeatedly refused.  His arrest for criminal trespass presents no constitutional problems.

To the extent Trueman argues that federal maritime law confers a privilege upon him to remain on his boats against the express conditions of his NYSCC permit, Trueman cites no authority for the existence of such a privilege.  We have not found any such authority either.

B.      Admiralty Jurisdiction

The United States Constitution extends the federal judicial power to "all Cases of admiralty and maritime Jurisdiction."  U.S. Const. art. III, § 2, cl. 1.  In a tort case such as this, federal courts exercise admiralty jurisdiction only if one of two "location" requirements are met.

---

[2]       Of course, in addition to the required elements under state law, a § 1983 false arrest plaintiff must prove the arrest took place "under color of" state law.  *See* 42 U.S.C. § 1983.

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). First, jurisdiction exists over torts which occurred "on navigable waters." *O'Donnell v. Great Lakes Dredge & Dock Co.*, 318 U.S. 36, 40 (1943). Second, an injury or damage caused *by a vessel on navigable waters* is within admiralty jurisdiction "even though the injury or damage is done or consummated on land." 46 U.S.C. § 30101.

This case does not satisfy either "location" test. Trueman's complaint accuses Defendants of "denying [him] access to [his] vessel," of "physically remov[ing] [him] from command" and of "unlawfully arrest[ing] + imprison[ing]" him, "leaving [his] vessels to sink." All those allegations relate to his arrest, which took place on land, not on water. Moreover, the canal was not navigable during the winter months. Similarly, the complaint's allegation that Defendants willfully destroyed Trueman's vessels is merely a description of a potential water-based effect of the indisputably land-based conduct. Section 30101 applies only to *land*-based effects of *water*-based conduct and Trueman's efforts to fall within its provisions are thus without effect. In any event, even if admiralty jurisdiction had existed, for the reasons stated above, Trueman would not have alleged any maritime tort or other recognized admiralty cause of action.

## II. Conclusion

We have considered the remainder of Trueman's alternative arguments for reversal, and find them to be without merit. For the foregoing reasons, the district court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5