Heidelind M. Semmig, Respondent, v Sandy Charlack et al., Defendants, and County of Suffolk et al., Appellants.
[39 NYS3d 72]—

In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendants County of Suffolk and Police Officer James F. Dolan appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated January 16, 2014, as denied those branches of their motion which were for summary judgment dismissing the causes of action to recover damages for false arrest and malicious prosecution insofar as asserted against them, and dismissing the causes of action to recover damages for civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendant Police Officer James F. Dolan, and the defendant Sergeant Fred Lipsky separately appeals, as limited by his brief, from so much of the same order as denied those branches of his separate motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983 insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants County of Suffolk and Police Officer James F. Dolan, and the separate motion of the defendant Sergeant Fred Lipsky, which were for summary judgment dismissing the cause of action to recover damages for malicious prosecution insofar as asserted against each of them, and substituting

therefor provisions granting those branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In this action against, among others, the defendants County of Suffolk, Police Officer James F. Dolan, and Sergeant Fred Lipsky (hereinafter collectively the appellants), the plaintiff seeks to recover damages arising from an allegedly unlawful entry into her home, unlawful arrest, and malicious prosecution of her. The Supreme Court, among other things, denied those branches of the motion of the County and Dolan, and the separate motion of Lipsky, which were for summary judgment dismissing the causes of action to recover damages for false arrest and malicious prosecution insofar as asserted against each of them, and dismissing the causes of action to recover damages for civil rights violations pursuant to 42 USC § 1983 insofar as asserted against Dolan and Lipsky.

The Supreme Court properly denied those branches of the appellants' separate motions which were for summary judgment dismissing the false arrest cause of action insofar as asserted against each of them. The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest (*see Batten v City of New York*, 133 AD3d 803, 805 [2015]; *Paulos v City of New York*, 122 AD3d 815, 817 [2014]; *see also De Lourdes Torres v Jones*, 26 NY3d 742, 759 [2016]), including a cause of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that is the federal-law equivalent of a state common-law false arrest cause of action (*see Betts v Shearman*, 751 F3d 78, 82 [2d Cir 2014]; *see also Jenkins v City of New York*, 478 F3d 76, 84 [2d Cir 2007]). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York*, 60 NY2d 78, 82 [1983]; *see Batten v City of New York*, 133 AD3d at 805; *Sirlin v Town of New Castle*, 35 AD3d 713, 714-715 [2006]; *Jenks v State of New York*, 213 AD2d 513, 514 [1995]). Moreover, probable cause is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom (*see Parkin v Cornell Univ.*, 78 NY2d 523, 529 [1991]; *Fausto v City of New York*, 17 AD3d 520 [2005]). Here, the evidence submitted by the appellants in support of their separate motions failed to eliminate triable issues of fact as to whether the arresting police officers had probable cause to arrest the plaintiff.

Similarly, as there are triable issues of fact as to whether it

was objectively reasonable for the police officers to believe that exigent circumstances existed to justify their warrantless entry into the plaintiff's home and whether the officers acted with probable cause in arresting the plaintiff, the Supreme Court properly denied summary judgment on the issue of qualified immunity (*see Brigham City v Stuart*, 547 US 398, 403 [2006]; *Diederich v Nyack Hosp.*, 49 AD3d 491, 493 [2008]; *Sirlin v Town of New Castle*, 35 AD3d 713 [2006]; *Kubik v New York State Dept. of Social Servs.*, 278 AD2d 644 [2000]).

However, the appellants established their prima facie entitlement to judgment as a matter of law dismissing the malicious prosecution cause of action insofar as asserted against each of them by demonstrating that the underlying criminal proceeding was not terminated in favor of the plaintiff (*see MacFawn v Kresler*, 88 NY2d 859, 860 [1996]; *Avgush v Town of Yorktown*, 35 AD3d 331 [2006]; *De Cicco v Madison County*, 300 AD2d 706 [2002]; *Ellsworth v City of Gloversville*, 269 AD2d 654 [2000]). The underlying criminal proceeding in this matter was terminated as a result of the facial insufficiency of the criminal information and not on the merits of the matter (*see MacFawn v Kresler*, 88 NY2d at 860). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of the appellants' separate motions which were for summary judgment dismissing the malicious prosecution cause of action insofar as asserted against each of them (*see MacFawn v Kresler*, 88 NY2d at 860; *Avgush v Town of Yorktown*, 35 AD3d at 331; *Cahill v County of Nassau*, 17 AD3d 497 [2005]; *Tzambazis v City of New York*, 291 AD2d 397 [2002]). Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.