Cayruth v City of Mount Vernon (2020 NY Slip Op 07027)





Cayruth v City of Mount Vernon


2020 NY Slip Op 07027


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-07458
 (Index No. 68691/16)

[*1]Komanjo Cayruth, appellant,
v
City of Mount Vernon, et al., respondents. Law Office of Michael H. Joseph, PLLC, White Plains, NY, for appellant.


The Quinn Law Firm, White Plains, NY (Andrew C. Quinn and Steven J. Bushnell of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated May 1, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against the defendants Detective Camilo Antonini, Officer Peter Vitelli, and Detective Sergeant Sean Fegan, and the sixth cause of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against the defendants Detective Camilo Antonini, Officer Peter Vitelli, and Detective Sergeant Sean Fegan, and the sixth cause of action, are denied.
The plaintiff was arrested based upon a confidential informant's tip that he was in possession of crack cocaine and heroin. The plaintiff was standing in front of a building when he was approached by the defendants Detective Camilo Antonini and Officer Peter Vitelli, handcuffed, and driven to the precinct station where Antonini and Vitelli conducted a strip search of the plaintiff under the supervision of the defendant Detective Sergeant Sean Fegan. No contraband was recovered, and the plaintiff was released without charge later that same date.
The plaintiff commenced this action against the defendants. In the complaint, the plaintiff asserted causes of action, inter alia, alleging civil rights violations pursuant to 42 USC § 1983 (first cause of action), and for an award of attorneys' fees pursuant to 42 USC § 1988 (third cause of action), alleging false arrest (fifth cause of action), and alleging assault and battery (sixth cause of action). After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order dated May 1, 2019, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against Antonini, Vitelli, and Fegan, and the sixth cause of action. The plaintiff appeals.
"[A] claim for false arrest under § 1983 is substantially the same as a claim for false arrest under New York Law" (Fincher v County of Westchester, 979 F Supp 989, 998 [SD NY]; see [*2]Semmig v Charlack, 143 AD3d 802, 803). "Under New York common law, to establish false arrest and false imprisonment claims, 'the plaintiff must show that: (1) the defendant intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged'" (Petrychenko v Solovey, 99 AD3d 777, 780, quoting Broughton v State of New York, 37 NY2d 451, 456).
"The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest, including a cause of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law that is the federal-law equivalent of a state common-law false arrest cause of action" (Semmig v Charlack, 143 AD3d at 803 [citations omitted]; see Harris v City of New York, 153 AD3d 1333, 1334). "However, [w]hen an arrest is made without a warrant, as here, a presumption arises that it was unlawful, and the burden of proving justification is cast upon the defendant" (Petrychenko v Solovey, 99 AD3d at 780 [internal quotation marks omitted]; see Broughton v State of New York, 37 NY2d at 458). Where the arrest was made without a prior judicial determination of probable cause, and where the arresting officer's alleged probable cause is based on hearsay, probable cause is properly evaluated under the Aguilar-Spinelli test (see Combs v City of New York, 130 AD3d 862, 863-864; Guntlow v Barbera, 76 AD3d 760, 763). Under the Aguilar-Spinelli rule, where, as here, probable cause is predicated upon the hearsay statement of an informant, the proponent of the hearsay statement "must demonstrate that the informant is reliable and that the informant had a sufficient basis for his or her knowledge" (People v Voner, 74 AD3d 1371, 1373; see Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108; People v Aguilera, 158 AD3d 638, 638-639; People v Warren, 124 AD3d 699, 700; People v Whittle, 48 AD3d 714, 714). Here the defendants failed to eliminate triable issues of fact as to the existence of probable cause for the arrest. The existence of triable issues of fact with respect to whether the police evaluations at issue, such as the evaluation of probable cause to arrest and requisite suspicion to perform a strip search, were objectively reasonable precludes an award of summary judgment in favor of Antonini, Vitelli, and Fegan on the ground of qualified immunity (see Williams v City of New York, 153 AD3d 1301, 1304).
"To sustain a cause of action to recover damages for assault, there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact" (Cotter v Summit Sec. Servs., Inc., 14 AD3d 475, 475 [internal quotation marks omitted]). "To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature" (id. at 475). A claim predicated on assault and battery may be based upon contact during an unlawful arrest (see Wyllie v District Attorney of County of Kings, 2 AD3d 714, 718-719). Here, the defendants' failure to establish, prima facie, that the plaintiff's arrest was lawful precluded an award of summary judgment dismissing the sixth cause of action, which alleged assault and battery (see Holland v City of Poughkeepsie, 90 AD3d 841, 846; cf. Wyllie v District Attorney of County of Kings, 2 AD3d at 719).
Accordingly, those branches of the defendants' motion which were for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against Antonini, Vitelli, and Fegan, and the sixth cause of action, should have been denied regardless of the sufficiency of the plaintiff's opposition papers with respect to those causes of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court