■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR VEGA, Appellant. [602 NYS2d 207] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered June 4, 1991, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence seized from his person. By decision and order of this Court dated December 7, 1992, the matter was remitted to the Supreme Court, Queens County, for a hearing on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal was held in abeyance in the interim *(People v Vega,* 188 AD2d 499). The Supreme Court has now complied.

Ordered that the judgment is affirmed.

The defendant was observed by a department store security guard placing 15 boxes of flatware into a shopping bag and then exiting the store without paying for the merchandise.

The defendant was stopped by the guard immediately outside the store and subsequently arrested.

While we previously determined that the defendant was entitled to a hearing with respect to that branch of his omnibus motion which was to suppress the evidence seized pursuant to his arrest (see, People v Vega, 188 AD2d 499, supra), upon our review of that hearing, we find that there was probable cause for the initial stop of the defendant and his subsequent warrantless arrest. It is well settled that probable cause to arrest exists when the facts and circumstances, viewed together, would lead a reasonable person to conclude that an offense was committed and the person arrested was the perpetrator (see, People v Carrasquillo, 54 NY2d 248; People v Javier, 175 AD2d 182; People v Rivera, 166 AD2d 678). Since the guard personally observed the defendant remove the flatware and then exit the store without paying for the items, probable cause existed for the defendant's arrest and the subsequent seizure of the flatware from the defendant's person. The suppression hearing raised no issues which would serve to undermine this conclusion. Accordingly, the Supreme Court properly denied suppression.

The defendant does not challenge the hearing court's report with respect to the suppression ruling.

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.