■ CHERWIN MINOTT, Appellant, v CITY OF NEW YORK et al., Respondents. [609 NYS2d 334] —In an action, inter alia, to recover damages for false arrest, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), entered April 27, 1992, which granted the defendants' motion for reargument and, upon reargument, granted their motion for summary judgment dismissing the cause of action to recover damages for false arrest.

Ordered that the order and judgment is affirmed, with costs.

On June 16, 1988, the plaintiff surrendered himself for arrest for the forcible rape of a young teenage girl, which

allegedly occurred in October 1987. The victim, who was living with her parents at the time, feared the consequences of her parents' reaction to having been raped by the plaintiff, who was her supervisor at work. She did not tell her parents about the rape until eight months later, when her mother took her to a doctor to find out why she was putting on weight, at which time she could no longer hide the truth due to her pregnancy.

The victim's mother took her to the police and the victim swore out a complaint against the plaintiff, identifying him by name, providing a physical description of him, setting forth his place of employment, and providing a detailed statement of what transpired on the night of the alleged rape. After a detective reviewed the complaint, he interviewed the victim. The victim told him that while the plaintiff, her supervisor, was driving her home from her job late one night in October 1987 he took a different route than he had previously taken, drove past her home, and parked near a train station, where he told the victim he wanted to have a sexual relationship with her. When the victim turned down the plaintiff's advances to have an affair with him, the plaintiff forcibly raped her.

The detective and a fellow police officer visited the plaintiff at his place of employment on June 15, 1988, and told him about the pending complaint. On the following day, the plaintiff surrendered himself to the police for arrest. The charges against the plaintiff were subsequently dismissed on April 14, 1989, on speedy trial grounds.

Thereafter, the plaintiff commenced this action in June 1989 seeking damages, *inter alia,* for false arrest, on the ground that the City did not have probable cause to make the arrest. The defendants moved for summary judgment, seeking dismissal of the false arrest cause of action, on the ground that the plaintiff was arrested with probable cause. Upon reargument, the Supreme Court granted the defendants' motion. We affirm.

The plaintiff's contention that the false arrest cause of action should not have been dismissed because the arrest without a warrant was effected without probable cause based upon a stale complaint of the victim is without merit.

CPL 140.10 (1) (b) provides that a police officer may arrest a person, without a warrant, when he has "reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise". " 'Where an officer, in good

faith, believes that a person is guilty of a felony, and his belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise, he has such probable cause for his belief as [would] justify him in arresting without a warrant.' " *(People v Coffey,* 12 NY2d 443, 451.) Once probable cause is established, the defendant has met his or her burden of proof for legal justification and the plaintiff's cause of action sounding in false arrest must fail *(see, Kramer v City of New York,* 173 AD2d 155).

It is well settled that as a general rule, information provided by an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest *(see, People v Lacen,* 154 AD2d 398, 399). Here, the victim swore out a complaint identifying the plaintiff as her assailant. The victim identified the plaintiff by name, physical description, and place of employment, and described, in detail, the events in question.

As to the plaintiff's contention that the staleness of the victim's complaint negated probable cause, the fact that a complainant, in a prosecution for rape, delays making disclosure thereof, may be considered as bearing upon the guilt or innocence of the accused; however, the "promptness of the complaint is not measured in terms of time alone, but depends also on the reasons for the delay" *(People v Kornowski,* 178 AD2d 984, 985).

Accordingly, where, as here, the victim, an identified citizen, swore out a complaint accusing the plaintiff of the commission of the crime of rape and where there was a reasonable excuse for the delay in reporting the rape, the defendants sustained their burden of proof of probable cause at the time of arrest.

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Miller, Hart and Florio, JJ., concur.