■ MATTHEW KRACHT, Appellant, v TOWN OF NEWBURGH et al., Respondents. [666 NYS2d 197] —In an action, *inter alia*, to recover damages for false arrest and unlawful imprisonment, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated October 30, 1996, which,

upon reargument, denied his motion for partial summary judgment on the issue of liability and granted the cross motion of the defendant Town of Newburgh for partial summary judgment dismissing the cause of action to recover damages for false arrest.

Ordered that the order is affirmed, with costs.

The defendant Christine M. Zoldak, who lived in a trailer park owned by the defendant Candlestick Associates, L.P., and managed by the defendant John Warner, complained to police officers of the defendant Town of Newburgh Police Department that the plaintiff was trespassing on her property and the trailer park property. Shortly thereafter, while he was visiting with other tenants of the trailer park, the plaintiff was arrested for trespassing. The charge was later dismissed and the plaintiff then brought this action, *inter alia,* to recover damages for false arrest and unlawful imprisonment.

A cause of action to recover damages for false arrest does not lie if the defendant can establish the existence of probable cause for the plaintiff's arrest (*see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *see also, Lui Yi v City of New York,* 227 AD2d 453). In support of its cross motion for partial summary judgment dismissing the cause of action to recover damages for false arrest, the defendant Town of Newburgh presented evidence that its police officers were told by the defendant Christine M. Zoldak that the plaintiff was trespassing on the trailer park property and that she had the authority to sign a complaint against the plaintiff. She signed a complaint and the plaintiff was arrested shortly thereafter on the trailer park property.

The officers were entitled to rely upon the information provided by Zoldak (*see, Minott v City of New York,* 203 AD2d 265, 267), and, upon seeing the plaintiff on the property, had probable cause to arrest the plaintiff (*see,* CPL 140.10 [1] [a]; *see also, People v Campbell,* 215 AD2d 120, *affd* 87 NY2d 855). Since the evidence was sufficient to conclusively establish probable cause for the plaintiff's arrest, the court properly granted the motion of the defendant Town of Newburgh for partial summary judgment dismissing the cause of action to recover damages for false arrest.

The plaintiff's remaining contention is without merit. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.