■ BARBARA MOSCATELLI, Respondent, v CITY OF MIDDLE-TOWN, Appellant. [675 NYS2d 639] —In an action to recover damages for false arrest, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated May 28, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On April 1, 1995, the plaintiff was involved in a car accident in Middletown, New York. A police officer with the City of Middletown Police Department responded to the scene and transmitted the information obtained from the plaintiff's license, registration, and insurance card to the police station. The officer was informed that the New York State Police Information Network (hereinafter NYSPIN) showed that the plaintiff's license and registration were suspended because her insurance had lapsed. The plaintiff provided the officer with a letter from her insurance agent, dated March 31, 1995, advising the State of New York Financial Security Bureau that the vehicle listed therein was insured by State Farm Insurance Company effective December 28, 1994. After consultation with headquarters, the officer was instructed to arrest the plaintiff. The plaintiff commenced this action to recover damages for false arrest, and the defendant moved for summary judgment on the ground that the arresting officer had probable cause, as a matter of law, to arrest her. The Supreme Court denied the motion. We reverse.

"A cause of action to recover damages for false arrest does not lie if the defendant can establish the existence of probable cause for the plaintiff's arrest" (*Kracht v Town of Newburgh,* 245 AD2d 424, 425; *see, Kandekore v Town of Greenburgh,* 243 AD2d 610). Under the circumstances of this case, the officer

properly relied upon the information in the NYSPIN computer and the defendant established the existence of probable cause for arresting the plaintiff.

We recognize that probable cause may not be predicated on information in criminal justice system records such as those maintained by the NYSPIN computer "which, though correct when put into the records, no longer applies and which, through fault of the system, has been retained in its records after it became inapplicable" (*People v Jennings*, 54 NY2d 518, 520). Here, however, there is no indication that the information in the NYSPIN computer was "inapplicable" at all, or that it was retained after it became inapplicable through fault of the system. The only evidence submitted by the plaintiff was a copy of the unsworn letter dated March 31, 1995, one day before the plaintiff's arrest. Because the plaintiff failed to produce evidence in admissible form to demonstrate the existence of an issue of fact as to the accuracy of the information contained in the NYSPIN computer or as to whether it was erroneously retained through the fault of the system, and she offered no explanation for her failure to come forward with such evidence, the defendant's motion should have been granted (*see, Siagkris v K&E Mech.*, 248 AD2d 458; *Skay v Public Lib.*, 238 AD2d 397). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.