■ ZAFIR RASHEED, Respondent, v NEW STAR FASHIONS et al., Defendants, and CITY OF NEW YORK, Appellant. [691 NYS2d 894] —In an action, *inter alia,* to recover damages for false arrest and false imprisonment, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated June 17, 1998, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the appellant.

Even assuming the facts are as alleged by the plaintiff, the defendant City of New York showed that, as a matter of law, there was reasonable cause to arrest the plaintiff. Thus, the plaintiff could not make out his claim for false arrest and/or false imprisonment against the City (*see, People v Evans,* 237 AD2d 458; *Minott v City of New York,* 203 AD2d 265; *Richardson v New York Univ.,* 202 AD2d 295; *Veras v Truth Verification Corp.,* 87 AD2d 381, *affd* 57 NY2d 947; *see generally, Parvi v City of Kingston,* 41 NY2d 553). This shifted the burden to the plaintiff to show the existence of a triable question of fact as to that issue. Since the plaintiff failed to do so, the court erred in denying the City's motion to dismiss the complaint and all cross claims insofar as asserted against it (*see generally, Zuckerman v City of New York,* 49 NY2d 557). O'Brien, J. P., Krausman, Florio and H. Miller, JJ., concur.