■ RUBY MARTINEZ, Appellant, v WEGMANS FOOD MARKETS, INC., Respondent. [705 NYS2d 545] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint alleging false arrest. In July 1992 a loss prevention specialist employed by defendant observed plaintiff place two packages of meat in her cart and attempt to leave the store without paying for them. Plaintiff was arrested, but the charges were later dismissed in the interest of justice. " 'A cause of action to recover damages for false arrest does not lie if the defendant can establish the existence of probable cause for the plaintiff's arrest' " (*Moscatelli v City of Middletown*, 252 AD2d 547, quoting *Kracht v Town of Newburgh*, 245 AD2d 424, 425). The complaint alleged that plaintiff was stopped as she was about to leave the store, but there is no requirement that a shoplifter leave the store to be guilty of larceny (*see, People v Olivo*, 52 NY2d 309, 318). Defendant established probable cause for the arrest as a matter of law (*see, People v Vega*, 197 AD2d 552, *lv denied* 82 NY2d 904), and plaintiff failed to raise an issue of fact, entitling defendant to judgment as a matter of law (*see, Jacques v Sears, Roebuck & Co.*, 30 NY2d 466, 474; *Rasheed v New Star Fashions*, 262 AD2d 623).

The EBT transcript was not submitted, and the hearsay affidavit of plaintiff's attorney submitted in opposition to the motion is insufficient to defeat the motion (*see, Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 648; *see also, Zuckerman v City of New York*, 49 NY2d 557, 563).

Plaintiff's contention that summary judgment was premature because discovery was incomplete is without merit. Plaintiff failed to "demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge" (*Scofield v Trustees of Union Coll.*, 267 AD2d 651, 652; *cf., Hammond v Alekna Constr.*, 267 AD2d 1027). In view of our determination that defendant's motion for summary judgment was properly

granted, we need not reach plaintiff's contention that the affirmative defenses should have been dismissed (*see, Hill v Speckard*, 209 AD2d 1007, 1008, *lv dismissed* 85 NY2d 1032; *see also, Padgett v State of New York*, 163 AD2d 914, 915, *lv denied* 76 NY2d 711). The court did not abuse its discretion in denying plaintiff's motion for recusal (*see generally, Matter of Card v Siragusa*, 214 AD2d 1022, 1023), nor did the court abuse its discretion in supervising the discovery process (*see, Kern v City of Rochester* [appeal No. 1], 267 AD2d 1026; *cf., Gadley v U.S. Sugar Co.*, 259 AD2d 1041). (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Pine and Hurlbutt, JJ.