■ PRISCILLA DENBY, Appellant, v PACE UNIVERSITY et al., Defendants, and SIDNEY J. HUCKVALE, JR., et al., Respondents. [741 NYS2d 408] —Orders, Supreme Court, New York County (Robert Lippmann, J.), entered February 26, 2001, and March 22, 2001, which granted the motion of defendants Sidney J. Huckvale, Michael Curran, and Aegis Investigations and Security Ltd. for summary judgment dismissing the complaint as against them, unanimously affirmed, with one bill of costs.

Plaintiff's contention that summary judgment with respect to her claims against defendant Huckvale, Curran and Aegis Investigations was premature since defendants Huckvale and Curran had not yet been deposed, is unavailing since she did

not show that evidence necessary to defeat the motion was within those defendants' exclusive knowledge (*see, Martinez v Wegmans Food Mkts.*, 270 AD2d 834, *lv denied* 95 NY2d 757). We note that, apart from her prematurity argument, plaintiff does not contend that the motion court erred in dismissing her fraud and defamation claims against defendants-respondents. The dismissal of the remaining cause against defendants-respondents, that alleging tortious interference with contractual relations, was proper inasmuch as the record discloses that there are no triable issues as to whether defendants-respondents tortiously interfered with plaintiff's contract of employment with Pace University. Contrary to plaintiff's contention, the letter sent to Pace University by defendant Huckvale, the material contents of which plaintiff has essentially acknowledged to be true, did not constitute "wrongful means" (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 194), and there was, in any event, no evidence that the letter caused the termination of plaintiff's employment. Concur—Nardelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.