■ JAN WASILEWICZ, Appellant, v VILLAGE OF MONROE POLICE DEPARTMENT et al., Respondents. [771 NYS2d 170]—

In an action to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals from three orders of the Supreme Court, Orange County (Peter C. Patsalos, J.), all dated December 17, 2002, which granted the respective motions of the defendants Village of Monroe Police Department and Village of Monroe, the defendant Marc M. Miller, and the defendants Orange and Rockland Mason Supply Company and Anthony DiMaulo for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs.

It is well settled that a plaintiff cannot prevail on causes of action based upon false arrest, false imprisonment, and malicious prosecution against police officers if the police officers had probable cause to believe that the plaintiff committed the underlying crime (*see Gisondi v Town of Harrison,* 72 NY2d 280, 283 [1988]; *Kandekore v Town of Greenburgh,* 243 AD2d 610 [1997]). "Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (*People v Bero,* 139 AD2d 581, 584 [1988]; *see Kracht v Town of Newburgh,* 245 AD2d 424, 425 [1997]; *Minott v City of New York,* 203 AD2d 265, 267 [1994]). Based upon, inter alia, the accusatory instrument signed and sworn to by the defendant Anthony Dimaulo, alleging that the plaintiff committed the crime of issuing a bad check, the defendant Marc M. Miller, a detective in the Village of Monroe Police Department, had probable cause to arrest the plaintiff. Accordingly, the Supreme Court properly granted the respective motions of Miller and the defendants the Village of Monroe Police Department and Village of Monroe for summary judgment dismissing the complaint insofar as asserted against them.

The Supreme Court also properly granted the motion of the defendants Anthony Dimaulo and Orange and Rockland Mason Supply Company for summary judgment dismissing the complaint insofar as asserted against them, since they, as a civilian complainant and his employer, respectively, cannot be liable for false arrest, false imprisonment, and malicious prosecution unless they affirmatively induced a police officer to act (*see Cobb v Willis,* 208 AD2d 1155, 1156 [1994]; *DeFilippo v County of Nassau,* 183 AD2d 695, 696 [1992]; *Viza v Town of Greece,* 94 AD2d 965, 966 [1983]). Dimauro merely provided a complaint to the police; there is no evidence that Dimauro or Orange and Rockland Mason Supply Company participated in the plaintiff's arrest or arraignment, or that they gave advice or encouragement to the authorities. Accordingly, the complaint insofar as asserted against them was properly dismissed. Altman, J.P., Krausman, Adams and Townes, JJ., concur.