RALPH IORIO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [798 NYS2d 437]—

In an action, inter alia, to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated June 1, 2004, which denied their motion for summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A plaintiff cannot prevail on causes of action to recover damages for false arrest, false imprisonment, and malicious prosecution against police officers if the police officers had probable cause to believe that the plaintiff committed the underlying crime (*see Gisondi v Town of Harrison*, 72 NY2d 280, 283 [1988]; *Wasilewicz v Village of Monroe Police Dept.*, 3 AD3d 561 [2004]). "Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (*People v Bero*, 139 AD2d 581, 584 [1988]; *see Wasilewicz v Village of Monroe Police Dept., supra; Kracht v Town of Newburgh*, 245 AD2d 424, 425 [1997]; *Minott v City of New York*, 203 AD2d 265, 267 [1994]). Based upon, inter alia, a complaint from an identified citizen that two men were breaking into a garage at a specified location, and the observations and investigation at the scene of the defendant Police Officer Jack Lupin, and statements given to him thereat, Police Officer Jack Lupin had probable cause to arrest the plaintiffs. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Florio, J.P., Adams, Mastro and Lifson, JJ., concur.