576

■ PAYMAN NORASTEH, Appellant, v STATE OF NEW YORK, Respondent. [845 NYS2d 234]—

Judgment of the Court of Claims of the State of New York (Alan C. Marin, J.), entered June 27, 2005, dismissing the claim after a nonjury trial, unanimously affirmed, without costs.

Probable cause is a complete defense to an action for false arrest (*see Rivera v City of New York*, 40 AD3d 334 [2007]). As a general rule, information from an identified citizen accusing another individual of the commission of a specific crime is sufficient to provide the police with probable cause to arrest (*Minott v City of New York*, 203 AD2d 265, 267 [1994]). A person is guilty of disorderly conduct when, with intent to cause public inconvenience or annoyance, he engages in fighting or violent, tumultuous or threatening behavior, or makes unreasonable noise (*see e.g.* Penal Law § 240.20 [1], [2]). Here, an attorney who witnessed the incident described claimant's highly agitated state while on line to see the Small Claims Court clerk, agitating others on line. Some of those on line alleged that claimant made physical contact with a woman who tried to reenter the line after sitting down to fill out paperwork. Claimant's agitated state was witnessed by a court officer responding to the disturbance, and claimant thereafter refused to cooperate with security personnel. Clearly, a fair interpretation of the evidence supported the court's finding that the court officers had probable cause to believe claimant was guilty of disorderly conduct (*see Gunsberg v State of New York*, 198 AD2d 59, 60 [1993], *lv denied* 83 NY2d 751 [1994]).

We have considered claimant's remaining arguments and find them unpersuasive. Concur—Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ. [*See* 8 Misc 3d 1019(A), 2005 NY Slip Op 51187(U).]