STEPHEN OSZUSTOWICZ et al., Appellants, v ADMIRAL INSURANCE BROKERAGE CORP. et al., Respondents. [853 NYS2d 584]—

The defendant Peter Evangelista, the owner and president of the defendant Admiral Insurance Brokerage Corp. (hereinafter Admiral), learned that the plaintiff, Stephen Oszustowicz (hereinafter the plaintiff), employed by Admiral as an insurance representative and salesman, issued certificates of insurance from

Admiral to various companies although the companies had not, in fact, purchased those insurance policies. These certificates contained false information, such as fictitious insurance policy numbers and issuance notations, and were signed by the plaintiff. Evangelista terminated his employment, and contacted law enforcement authorities to report what the plaintiff had done. The plaintiff was arrested and charged with the crimes of criminal possession of a forged instrument in the third degree and criminal possession of a fraudulent instrument in the second degree. The criminal matter, however, was never prosecuted by the Kings County District Attorney's Office. The plaintiffs commenced the instant lawsuit alleging, in the first, second, and third causes of action, that the defendants were responsible for false arrest and imprisonment, that the defendants' acts were "egregious," and that the plaintiff sustained certain damages and suffered various consequences as a result. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7), to dismiss the first, second, and third causes of action for failure to state a cause of action. The Supreme Court granted that motion. We affirm the order insofar as appealed from.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a cause of action, a court must accept the facts alleged in support of that cause of action as true, and accord the plaintiff the benefit of every favorable inference (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]). If the facts as alleged do not fit within any cognizable legal theory, the cause of action must be dismissed (*see Leon v Martinez,* 84 NY2d at 88).

Applying these principles here, the Supreme Court correctly determined that the complaint failed to set forth a cause of action to recover damages for false arrest and false imprisonment. In order for a civilian defendant to be considered to have initiated the criminal proceeding, "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Viza v Town of Greece,* 94 AD2d 965, 966 [1983]; *see Mesiti v Wegman,* 307 AD2d 339, 340 [2003]; *Brown v Sears Roebuck & Co.,* 297 AD2d 205, 209 [2002]). "The defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (*Mesiti v Wegman,* 307 AD2d at 340, quoting 59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 37).

The plaintiffs' remaining contention concerning the issue of

malicious prosecution is improperly raised for the first time on appeal (*see Sarva v Chakravorty,* 34 AD3d 438, 439 [2006]; *Sandoval v Juodzevich,* 293 AD2d 595 [2002]; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758 [1985]). Rivera, J.P., Miller, Dillon and Belen, JJ., concur.