OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered March 10, 2006, reversed, on the law, accusatory instrument dismissed, and fine, and surcharge remitted.
The information charging defendant with disorderly conduct (see Penal Law § 240.20 [3]) was jurisdictionally defective, since it failed to allege “the essential element of either intent or recklessness” (People v Tarka, 75 NY2d 996, 997 [1990]). Contrary to the People’s contention, defendant’s requisite intent to cause public inconvenience, annoyance or alarm is not properly inferable from the single hand gesture attributed to defendant in the information or its unadorned allegations that defendant became “irate and loud” (see People v Letang, 14 Misc 3d 139[A], 2007 NY Slip Op 50318[U] [2007], Iv denied 8 NY3d 987 [2007]; cf. People v Inserra, 4 NY3d 30 [2004]).
Moreover, a case of disorderly conduct under Penal Law § 240.20 (3) was not made out beyond a reasonable doubt at trial. The evidence, even when viewed in the light most favorable to the People, failed to establish that defendant intended to cause or recklessly created the risk of “a potential or immediate public problem” (People v Munafo, 50 NY2d 326, 331 [1980]) when she extended or “flip[ped]” her middle finger while initially walking past the complainant or in speaking loudly, but so far as shown neither abusively nor obscenely, during their subsequent verbal exchange.
McKeon, EJ., Davis and Schoenfeld, JJ., concur.