■ Syoma Leviev, Appellant, v Bebe Stores, Inc., Respondent. (And a Third-Party Action.) [924 NYS2d 822]—

In an action, inter alia, to recover damages for false arrest, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated February 5, 2010, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover damages for false arrest by submitting evidence that it furnished information to the police and sought their assistance, but did not affirmatively induce the police to act (*see Williams v Amin*, 52 AD3d 823, 824 [2008]; *Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475 [2005]; *Perez v Charter One FSB*, 298 AD2d 447, 447-448 [2002]). "[A] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest" (*Mesiti v Wegman*, 307 AD2d 339, 340 [2003] [internal quotation marks omitted]). Rather, to be liable, the defendant

"must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (*Oszustowicz v Admiral Ins. Brokerage Corp.*, 49 AD3d 515, 516 [2008] [internal quotation marks omitted]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Angiolillo, Florio and Cohen, JJ., concur.