■ AVIS HENDRICKSON-BROWN, Appellant, v CITY OF WHITE PLAINS et al., Respondents. [938 NYS2d 331]—

Contrary to the plaintiff's contention, the Supreme Court properly dismissed, for failure to state a cause of action, so much of the amended complaint as alleged false arrest against the defendant City of White Plains inasmuch as the plaintiff did not serve her notice of claim within 90 days of the accrual of the cause of action (*see* General Municipal Law § 50-e), i.e., within 90 days of the date on which the plaintiff was released from custody (*see Molyneaux v County of Nassau*, 22 AD2d 954 [1964], *affd* 16 NY2d 663 [1965]; *Avgush v Town of Yorktown*, 303 AD2d 340, 341 [2003]; *Bennett v City of New York*, 204 AD2d 587 [1994]; *Allee v City of New York*, 42 AD2d 899 [1973]).

Moreover, so much of the amended complaint as alleged malicious prosecution against the City was properly dismissed for failure to state a cause of action because the plaintiff did not allege any facts sufficient to rise to the level of actual malice, i.e., "some deliberate act punctuated with awareness of 'conscious falsity' " (*Santoro v Town of Smithtown*, 40 AD3d 736, 738 [2007] [internal quotation marks omitted]), and there was probable cause to arrest the plaintiff (*see Wasilewicz v Village of Monroe Police Dept.*, 3 AD3d 561, 562 [2004]; *Kracht v Town of Newburgh*, 245 AD2d 424, 425 [1997]; *Minott v City of New York*, 203 AD2d 265, 267 [1994]).

The Supreme Court also properly granted the motion of the defendant Comp USA for summary judgment dismissing the amended complaint insofar as asserted against it. The amended complaint asserted causes of action alleging malicious prosecution and false arrest against Comp USA. The evidence demonstrated merely that an employee of Comp USA sought police assistance, provided information to the police, and signed a criminal complaint against the plaintiff, alleging a larceny. "[A] civilian defendant who merely furnishes information to law enforcement authorities who are then free to exercise their own

independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution" (*Lupski v County of Nassau*, 32 AD3d 997, 998 [2006]) or false arrest (*see Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999]). Since the plaintiff failed to raise a triable issue of fact in opposition to Comp USA's prima facie demonstration of entitlement to judgment as a matter of law, its motion for summary judgment dismissing the amended complaint insofar as asserted against it was properly granted. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.