■ DIMITRI PETRYCHENKO, Appellant, v IRENE SOLOVEY et al., Respondents. [952 NYS2d 575]—

The plaintiff and the defendant Irene Solovey are former spouses who have two minor children. Pursuant to a judgment of divorce issued by the Supreme Court, Kings County, Solovey had custody of the children and the plaintiff had visitation in accordance with the parties' separation and modification agreements. In addition, an order of the Family Court, Kings County, dated January 18, 2005, modifying visitation, provided that the plaintiff had visitation with the children on alternating weekends starting on Fridays at 8:00 p.m. until Sundays at 7:00 p.m.

On the evening of Saturday, September 27, 2008, the children were at the plaintiff's home in Staten Island. The plaintiff had picked them up the night before from Solovey's home in Brooklyn. The plaintiff and Solovey had a dispute as to when one of the children was to be returned to Solovey. Solovey claimed that she and the plaintiff had agreed that the younger child was to be returned on Saturday night by 6:00 p.m. rather than Sunday night so that the child could practice for a concert he was scheduled to participate in the next day. At his deposition, the plaintiff denied that there was any agreement to return the younger child to Solovey on Saturday night and also stated that it was his weekend for visitation with the children, so that he was entitled to keep both children through Sunday night pursuant to the Family Court order.

The plaintiff did not return the younger child to Solovey on Saturday night by 6:00 p.m. The plaintiff and Solovey had telephone conversations during which the plaintiff conveyed to Solovey that he would not be returning the younger child to Solovey's home in Brooklyn that night. At some point, after Solovey attempted to make further contact with the plaintiff and the children by telephone without success, she drove to Staten Island and went to the 122nd Precinct of the New York City Police Department. Solovey told the police that the plaintiff would not return the children to her despite their agreement. She also stated that the plaintiff sounded intoxicated and that she was worried about the children's safety. She brought to the precinct a copy of the judgment of divorce indicating that she had custody of the children, and informed the police that the plaintiff had visitation on alternating weekends.

Subsequent to telephone calls made by the police to the plaintiff's house with respect to the return of the children, two detectives employed by the defendant City of New York went to

the plaintiff's house with Solovey to get the children. One of the detectives testified in a deposition that the plaintiff was noncompliant with the request to produce the children, that he smelled alcohol on the plaintiff's breath, and that he believed that the children were in a precarious situation. Consequently, he placed the plaintiff under arrest for custodial interference based upon the judgment of divorce, which showed that Solovey had sole custody of the children. The detective stated that he knew the plaintiff had visitation pursuant to another order, but had been informed by Solovey that "it was not [the plaintiff's] weekend." The plaintiff's deposition testimony stated that his current wife attempted to present the detectives with a copy of the Family Court order, and Solovey also testified that she overheard the plaintiff say to the detectives "I have visitation rights" while the plaintiff's current wife "was shoving [a piece of paper] in front of [the detectives'] faces." The plaintiff was released the next afternoon. No charges were brought against him.

The plaintiff commenced this action against Solovey and the City seeking damages for false arrest and false imprisonment. Solovey and the City separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of liability insofar as asserted against the City. The Supreme Court granted the separate motions of Solovey and the City and denied, as academic, the plaintiff's cross motion. The plaintiff appeals, and we modify.

Contrary to the plaintiff's contention, the Supreme Court properly granted Solovey's motion for summary judgment dismissing the complaint insofar as asserted against her. A civilian defendant who furnishes information to law enforcement authorities "who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed" will not be held liable for false arrest (*Hendrickson-Brown v City of White Plains*, 92 AD3d 638, 639-640 [2012] [internal quotation marks omitted]; *see Leviev v Bebe Stores, Inc.*, 85 AD3d 736, 736-737 [2011]; *Rivera v County of Nassau*, 83 AD3d 1032, 1033 [2011]) or false imprisonment (*see Oszustowicz v Admiral Ins. Brokerage Corp.*, 49 AD3d 515, 516 [2008]). Rather, to be liable for false arrest or false imprisonment, a civilian "must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (*Oszustowicz v Admiral Ins. Brokerage Corp.*, 49 AD3d at 516 [internal quotation marks omitted]).

Here, Solovey established her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her by submitting evidence that she merely sought assistance from the police and furnished information to them, but did not affirmatively induce them to act (*see Leviev v Bebe Stores, Inc.*, 85 AD3d at 736; *Levy v Grandone*, 14 AD3d 660, 661-662 [2005]; *Wasilewicz v Village of Monroe Police Dept.*, 3 AD3d 561, 562 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

However, the Supreme Court improperly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it. Under New York common law, to establish false arrest and false imprisonment claims, "the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged" (*Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]; *see Holland v City of Poughkeepsie*, 90 AD3d 841, 845 [2011]). "A plaintiff cannot prevail on causes of action based upon false arrest [and] false imprisonment . . . if the arresting officers had probable cause to believe that [the plaintiff] committed the underlying offense" (*Whyte v City of Yonkers*, 36 AD3d 799, 799 [2007]).

In moving for summary judgment dismissing a complaint alleging false arrest and false imprisonment, a municipal defendant must establish that the plaintiff's arrest and subsequent detention were supported by probable cause in order to demonstrate its entitlement to judgment as a matter of law (*see Iorio v City of New York*, 19 AD3d 452, 453 [2005]; *Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 718 [2003]). However, "[w]hen an arrest is made without a warrant, as here, a presumption arises that it was unlawful, and the burden of proving justification is cast upon the defendant" (*Berson v City of New York*, 122 AD2d 7, 8 [1986]; *see Broughton v State of New York*, 37 NY2d at 458).

"As a general rule, information from an identified citizen accusing another individual of the commission of a *specific* crime is sufficient to provide the police with probable cause to arrest" (*Norasteh v State of New York*, 44 AD3d 576, 576 [2007] [emphasis added]). "In general, the existence or absence of probable cause is a question of fact and 'becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom'" (*Holland v City of Poughkeepsie*, 90 AD3d at 845,

quoting *Fortunato v City of New York*, 63 AD3d 880, 880 [2009]; *see Diederich v Nyack Hosp.*, 49 AD3d 491, 493 [2008]).

Here, the City failed to establish the absence of a triable issue of fact as to whether the police had probable cause to arrest the plaintiff (*see Fausto v City of New York*, 17 AD3d 520, 521-522 [2005]). The plaintiff was arrested for the offense of custodial interference in the second degree which occurs "when . . . a relative of a child less than sixteen years old, intending to hold such child permanently or for a protracted period, and know-[ing] that he has no legal right to do so . . . takes or entices such child from his lawful custodian" (Penal Law § 135.45 [1]). Triable issues of fact exist as to whether the police had probable cause to arrest the plaintiff for that offense, since the detective was informed by Solovey that the plaintiff did have visitation with the children on alternating weekends and it was the middle of a weekend, the plaintiff denied that there was any agreement to return the younger child to Solovey on Saturday night and also stated that it was his weekend for visitation with the children so that he was entitled to keep both children through Sunday night pursuant to the Family Court order, the plaintiff testified that his current wife attempted to present the detectives with a copy of the Family Court order, and Solovey also testified that the plaintiff's current wife "was shoving [a piece of paper] in front of [the detectives'] faces." Since the City failed to establish its entitlement to judgment as a matter of law, the Supreme Court improperly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it.

Since there are triable issues of fact with respect to the City's liability, the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against the City must be denied. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.