■ The People of the State of New York, Respondent, v Richard Gonzalez, Appellant. [975 NYS2d 874]—

Judgment, Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Patricia M. Nunez, J. at jury trial and sentencing), rendered May 24, 2012, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The officer had probable cause to arrest defendant for disorderly conduct. At the very least, defendant recklessly created a risk of "public inconvenience, annoyance or alarm" (Penal Law § 240.20) in a crowded subway station by loudly and angrily cursing police officers, violently waving his arms, screaming at passersby to complain of the police officers' conduct, and forcing subway riders to get out of his way. This escalated defendant's initially individual interaction with the police officer so as to create a "potential or immediate public problem" (*People v Weaver*, 16 NY3d 123, 128 [2011]; *compare People v Baker*, 20 NY3d 354, 359 [2013]). We note that the evidence adduced at the hearing was only required to demonstrate probable cause to believe defendant had committed disorderly conduct, as opposed to a legally sufficient case or proof beyond a reasonable doubt. The record also supports the court's alternative grounds for denying suppression.

The court properly instructed the jury that the knowledge element would be satisfied by proof establishing defendant's knowledge that he possessed a knife in general, and did not require proof of defendant's knowledge that the knife met the statutory definition of a gravity knife (*see e.g. People v Neal*, 79 AD3d 523, 524 [1st Dept 2010], *lv denied* 16 NY3d 799 [2011]; *People v Berrier*, 223 AD2d 456 [1st Dept 1996], *lv denied* 88 NY2d 876 [1996]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Gische, JJ.