OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the facts, the accusatory instrument is dismissed, and the fine and surcharge, if paid, are remitted.
Defendant was charged with disorderly conduct (Penal Law § 240.20 [1]), in connection with an incident that occurred at the 61st Precinct in Brooklyn on February 17, 2012. At a non-jury trial, the arresting officer testified that he was in the precinct, processing another arrest, when defendant entered the precinct and spoke to the desk sergeant. Defendant asked how he could obtain a copy of a report regarding a prior arrest. The desk sergeant replied that defendant had to obtain the report from police headquarters in Manhattan. Defendant left the precinct. Shortly thereafter, defendant returned to the precinct. According to the arresting officer, defendant screamed “violently” at the desk sergeant. Defendant was told to leave. When he refused, he was arrested.
Defendant testified in his own behalf. He asserted, among other things, that he had entered the area of the precinct that was open to the public, and asked an employee, presumably a civilian employee of the police department, how he could obtain the report regarding his prior arrest. According to defendant, the prior case had been dismissed and sealed. The employee gave defendant a form, and he left the precinct. Shortly thereafter, defendant returned to the precinct, and asked the employee if he was “still gonna [sic] get a report or am I gonna [sic] go through all this and they’ll tell me you can’t have the report?” The employee replied that she did not know. At that point, the desk sergeant entered *68 the public area of the precinct, yelled at defendant, and told him to “get out of here.” Moments later, at least three officers grabbed defendant from behind, threw him face down onto the floor, and handcuffed him.
Following the trial, the court found defendant guilty as charged.
Upon the exercise of our factual review power, we find that the verdict convicting defendant of disorderly conduct under Penal Law § 240.20 (1) was against the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). Under the facts and circumstances of this case, an acquittal would not have been unreasonable. Consequently, this court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence, and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court must decide whether the factfinder was justified in finding defendant guilty beyond a reasonable doubt (see People v Danielson, 9 NY3d at 348-349; People v Lane, 7 NY3d 888, 890 [2006]; People v Whatts, 116 AD3d 456, 461 [2014]).
This court must accord the appropriate deference to the factfinder’s credibility determinations, based on its opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Mateo, 2 NY3d 383, 415 [2004]; People v Bleakley, 69 NY2d at 495; People v Adilovic, 34 Misc 3d 159[A], 2012 NY Slip Op 50437[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Nevertheless, in this case, the arresting officer testified that only he and the desk sergeant were present when defendant returned to the precinct and started screaming. He did not testify that members of the public or other police officers were present. While “there is no per se requirement that members of the public ... be involved or react to the incident” (People v Weaver, 16 NY3d 123, 128 [2011]), there was nothing in the arresting officer’s testimony regarding the effect of defendant’s conduct on members of the public or other police officers, and the People presented no evidence that defendant intended to cause public inconvenience, annoyance or alarm, or that he recklessly created a risk of such public disruption (see People v Weaver, 16 NY3d at 128; People v Tichenor, 89 NY2d 769, 775 [1997]; People v Munafo, 50 NY2d 326, 331-332 [1980]; People v Snyder, 36 Misc 3d 137[A], 2012 NY Slip Op 51434[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Hanneman, 19 Misc 3d 73, 74 [App Term, 1st Dept 2008]; cf. *69 Norasteh v State of New York, 44 AD3d 576 [2007]; People v Brown, 116 AD2d 727, 729 [1986]). No evidence was presented that any members of the public were in the precinct or that “there was at least a risk” that members of the public “would observe the violent encounter and be alarmed thereby” (People v Adilovic, 34 Misc 3d 159[A], 2012 NY Slip Op 50437[U], *3). The fact that the incident occurred in a police precinct, standing alone, does not establish that defendant intended to cause or recklessly created the risk of a public disturbance (see generally People v Baker, 20 NY3d 354 [2013]; People v Fassinger, 42 Misc 3d 407, 410 [Auburn City Ct 2013]; People v Badue, 22 Misc 3d 137[A], 2009 NY Slip Op 50339[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see also Provost v City of Newburgh, 262 F3d 146, 157-158 [2d Cir 2001]; cf. People v Gonzalez, 112 AD3d 440, 441 [2013]). Thus, the verdict of guilt was against the weight of the evidence.
In light of the foregoing, we need not address defendant’s remaining contentions.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Weston, J.P., Pesce and Aliotta, JJ., concur.