■ STEVEN HOCK et al., Appellants, v SHARA COHEN et al., Defendants, and MARGARET GUGLIOTTA et al., Respondents. [3 NYS3d 399]—

In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Ash, J.), dated May 13, 2011, as, upon an order of the same court dated April 13, 2011, inter alia, granting those branches of the motion of the defendants Animal Care and Control of New York City, Margaret Gugliotta, Sabrina

James, and Risa Weinstock which were pursuant to CPLR 3211 (a) (7) to dismiss the first through fifth causes of action insofar as asserted against them, is in favor of the defendants Animal Care and Control of New York City and Margaret Gugliotta and against the plaintiffs, dismissing the first through fifth causes of action insofar as asserted against those defendants. The notice of appeal from the order dated April 13, 2011, is deemed to be a notice of appeal from the judgment (see CPLR 5512 [a]).

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Steven Hock is an officer of the plaintiff Kittyshockwave, a non-profit corporation allegedly involved in the animal rescue and adoptive placement of cats. On October 12, 2008, Hock was arrested and charged with violating several statutes relating to animal cruelty. Hock's arrest resulted from his alleged harboring of approximately 62 cats inside of a "U-Haul" truck for a period of five days.

On or about October 13, 2009, Hock and Kittyshockwave commenced this action asserting, inter alia, causes of action to recover damages for false arrest and false imprisonment (first cause of action), slander (second cause of action), slander per se (third cause of action), libel (fourth cause of action), and libel per se (fifth cause of action) against the defendants Animal Care and Control of New York City (hereinafter AC&C) and Margaret Gugliotta, an employee of AC&C. Essentially, the plaintiffs alleged that certain statements made by Gugliotta to the police were defamatory in nature.

As relevant to the instant appeal, AC&C and Gugliotta, together with the defendants Sabrina James and Raisa Weinstock, moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the aforementioned five causes of action insofar as asserted against them. The Supreme Court granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first through fifth causes of action insofar as asserted against AC&C and Gugliotta.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the complaint a liberal construction (see CPLR 3026) and " 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Nonnon v City of New York, 9 NY3d 825, 827 [2007], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]).

Applying this standard here, the Supreme Court properly

granted those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first through fifth causes of action insofar as asserted against AC&C and Gugliotta. The complaint fails to state causes of action against AC&C and Gugliotta sounding in false arrest and false imprisonment (*see generally Robles v City of New York*, 104 AD3d 829, 830 [2013]; *Hendrickson-Brown v City of White Plains*, 92 AD3d 638, 639-640 [2012]). The complaint also fails to state causes of action to recover damages for slander, slander per se, libel, and libel per se against those two defendants (*see El Jamal v Weil*, 116 AD3d 732, 733-734 [2014]). Rivera, J.P., Hall, Austin and Roman, JJ., concur.