15-2772-cv
Abdel-Karim v. Egyptair Holding Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of May, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
            DEBRA ANN LIVINGSTON,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

AYMAN ABDEL-KARIM,

                    *Plaintiff-Appellant*,

            v.                                          15-2772-cv

EGYPTAIR HOLDING COMPANY, AKA EGYPTAIR GROUP,
EGYPTAIR AIRLINES,

                    *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Mark H. Bierman, Bierman & Associates, New York, NY.

Appearing for Appellees:     Christopher Carlsen, Clyde & Co. US LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Ayman Abdel-Karim appeals from a grant of summary judgment by the United States District Court for the Southern District of New York (Koeltl, *J.*) in favor of defendants-appellees Egyptair Holding Company and Egyptair Airlines ("Egyptair"), dismissing all of Abdel-Karim's state law claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's grant of summary judgment de novo and will affirm if "viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to any material fact." *Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 25 (2d Cir. 2015) (internal quotation marks and citation omitted). Abdel-Karim brought suit against Egyptair and Egyptair Holding Company, alleging breach of contract and a variety of common law tort claims. The district court determined that all of Abdel-Karim's common law state tort claims were preempted by the Airline Deregulation Act ("ADA") and, in any event, all of his claims were without merit. *See Abdel-Karim v. Egyptair Airlines*, 116 F. Supp. 3d 389 (S.D.N.Y. 2015). Because we agree that Abdel-Karim's claims are meritless, we need not reach the question of whether the tort claims would be preempted by the ADA.

The claims arise out of Abdel-Karim's arrest and prosecution in Cairo, Egypt, for possession of a weapon carried in his checked luggage on an Egyptair flight from New York to Cairo. Abdel-Karim notified Egyptair before his departure of his intention to check luggage containing a series of weapon-like objects. His principal argument is that Egyptair should have either (a) refused to permit him from checking the weapon-like items, or (b) advised him on the legality of having such items in his luggage upon arrival in Egypt under Egyptian law. He alleged the following counts against appellees: (1) breach of contract, (2) negligence, (3) gross negligence, (4) false imprisonment, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, and (7) negligent misrepresentation.[2] Because Egyptair did not have a duty, whether by contract or law, to refuse his checked luggage or inform him regarding foreign law, we agree with the district court that none of Abdel-Karim's claims have any merit.

Abdel-Karim's breach of contract claim fails because nothing in the Conditions of Carriage, the only contract Abdel-Karim was a party to with Egyptair, created an affirmative duty their part to refuse to allow the weapons in the checked luggage or inform him of the legality of such items under foreign law. Abdel-Karim's negligence tort claims fail for a similar reason. While as a common carrier, Egyptair "owes its passengers a duty of reasonable care under the circumstances," *Curley v. AMR Corp.*, 153 F.3d 5, 13 (2nd Cir. 1998), nothing in the record suggests that a jury could conclude that Egyptair acted unreasonably in dealing with Abdel-Karim's luggage. For this same reason, his claims for negligent misrepresentation and negligent infliction of emotional distress also fail, because he cannot point to any negligence on the part of Egyptair.

---

[2] Abdel-Karim also alleged a breach of fiduciary duty in the district court. Because he does not raise this claim in his briefs, we treat it as waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

As for Abdel-Karim's false imprisonment complaint, he alleges two separate "branches: . . . one is [Egyptair's] role in causing Plaintiff's arrest by local authorities, the second is his seizure and detention by [Egyptair's] own security guards." Appellant's Br. at 49. As for the first claim, there is no evidence to suggest that Egyptair personnel "affirmatively induced" Egyptian authorities to arrest Abdel-Karim and no showing of "active, officious and undue zeal, to the point where the [Egyptian authorities were] not acting of [their] own volition." *Petrychenko v. Solovey*, 952 N.Y.S.2d 575, 578 (2d Dep't 2012). As for the second claim, there is no evidence in the record that Egyptair personnel ever detained Abdel-Karim. Instead, the record merely indicates that Egyptair personnel accompanied Abdel-Karim to customs, where Egyptian authorities then searched his luggage and then arrested him.

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3