Crimlis v City of New York (2020 NY Slip Op 00514)





Crimlis v City of New York


2020 NY Slip Op 00514


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


150341/15 10870A 595169/17 10870

[*1] Lawrence Crimlis, Plaintiff,
v
The City of New York, Defendant-Respondent, Bleecker Tower Tenants Corp., Defendant-Appellant, Atrium and The Atrium Trading Group, Inc., et al., Defendants. [And Third-Party Actions]


Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Joseph A. H. McGovern of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Verna L. Saunders, J.), entered May 21, 2018, which granted defendant the City of New York's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 27, 2019, which denied defendant/second third-party plaintiff Bleecker Tower Tenants Corp.'s motion to reargue (denominated a motion to renew and reargue), unanimously dismissed, without costs, as taken from a nonappealable order.
The City established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating, among other things, that it did not own the property abutting the sidewalk where plaintiff slipped and fell, and that the abutting property was not an owner-occupied residential property with three or fewer units (Administrative Code of City of NY § 7-210; see Cohen v City of New York, 101 AD3d 426, 426 [1st Dept 2012]). In opposition, Bleecker failed to raise an issue of fact. Its argument that the City could be liable for improperly maintaining the area around plates or gratings in the sidewalk, is improperly raised for the first time on appeal and thus not preserved for review (see Pirraglia v CCC Realty NY Corp., 35 AD3d 234, 235 [1st Dept 2006]; Tortorello v Carlin, 260 AD2d 201, 205 [1st Dept 1999]). Bleecker's contention that the motion was premature because the City's witnesses had not yet been deposed is unavailing. Bleecker's assertion that further discovery may uncover facts essential to establish opposition is based
on nothing more than speculation. Additionally, Bleecker failed to show that evidence necessary to defeat the motion was within the City's exclusive control (see Fulton v Allstate Ins. Co., 14 AD3d 380, 381 [1st Dept 2005]; Denby v Pace Univ., 294 AD2d 156, 156-157 [1st Dept 2002]).
Bleecker's motion denominated as one for leave to renew and reargue was not based on new facts unavailable at the time of the City's summary judgment motion, and was therefore [*2]actually a motion to reargue, the denial of which is not appealable (see Matter of Pettus v Board of Directors, 155 AD3d 485, 485-486 [1st Dept 2017], lv denied 31 NY3d 1113 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK