De Felix v 590 E. Fordham Rd. Corp. (2021 NY Slip Op 06080)





De Felix v 590 E. Fordham Rd. Corp.


2021 NY Slip Op 06080


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 24131/19E Appeal No. 14576 Case No. 2021-01491 

[*1]Orguidia Sanchez De Felix, Plaintiff-Respondent,
v
590 East Fordham Road Corp., et al., Defendants-Respondents, 7-Eleven, Inc., Defendant-Appellant, 7-Eleven Store #39365, et al., Defendants.


Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale (Kathleen D. Foley of counsel), for appellant.
Gottlieb Siegel & Schwartz, LLP, New York (Lauren M. Solari of counsel), for respondent.



Order, Supreme Court, Bronx County (Theresa M. Ciccotto, J.), entered April 21, 2021, which denied defendant, 7-Eleven, Inc.'s (7-Eleven), motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against 7-Eleven.
7-Eleven met its burden of establishing entitlement to judgment as a matter of law by showing that it had no duty to maintain the sidewalk where plaintiff alleges she fell. Pursuant to New York City Administrative Code Section 7-210(b) and the subject Lease Agreement, the property owner 590 East Fordham Road Corp. was responsible for maintaining the sidewalk abutting the property in a reasonably safe condition (see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167 [2019]). Further, the Franchise Agreement between 7-Eleven and Adem Service Station, Inc. provided that Adem, the franchisee, was solely responsible for all maintenance and repairs solely related to the subject store. The Franchise Agreement's clause in which 7-Eleven reserved the right to take "necessary corrective action" at the store in certain circumstances does not raise any triable issue of fact as to 7-Eleven's duty to maintain the area outside the store where the incident occurred. The assertion that further discovery may yield facts essential for opposition is therefore based on pure conjecture (see Crimlis v City of New York, 179 AD3d 575 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021